**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **DAVID BRASH,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION** |
| | * | |
| **PHH MORTGAGE CORPORATION,** | * | **CASE NO.** |
| **d/b/a COLDWELL BANKER** | * | |
| **MORTGAGE,** | * | |
| **Defendant.** | * | |
| | * | |
| | * | |

## COMPLAINT

COMES NOW Plaintiff and shows the Court the following:

1.

The Plaintiff is a citizen of Michigan, but as an active duty service member of the United States Army stationed at Fort Benning, Georgia, he currently resides in Columbus, Georgia.

2.

PHH Mortgage Corporation, d/b/a Coldwell Banker Mortgage, is a foreign corporation doing business in Columbus, Muscogee County, Georgia, with its Registered Agent for service of process being Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

3.

Jurisdiction is proper under 28 USC § 1332 in that there is diversity of citizenship.

4.

Jurisdiction is also proper under 28 USC § 1331 in that one of the counts herein involves a federal question.

5.

Venue is proper under 28 USC § 1391 (a)(2) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

6.

Venue is also proper in this district under 28 USC § 1391 (b)(2) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

7.

The amount in controversy exceeds $75,000.00.

OPERATIVE FACTS

8.

On November 16, 2007, the Plaintiff executed a deed to secure debt to Coldwell Banker Mortgage conveying a security interest in his home at 7022 Vinings Way, Columbus, Muscogee County, Georgia 31907.

9.

On the same date, November 16, 2007, the Plaintiff executed a promissory note to Coldwell Banker Mortgage in the amount of $161,350.00 at an interest rate of 6.0 percent with the last payment due not later than December 1, 2037.

10.

Immediately after the 2007 purchase of the home at 7022 Vinings Way, Plaintiff, an active duty member of the United States Army, set up an allotment to have the monthly mortgage payment automatically deducted from his U.S. Army paycheck and sent directly to Coldwell Banker Mortgage.

11.

The amount due for Plaintiff's regular monthly mortgage payment is currently $1,209.05.

12.

Plaintiff has an allotted payment of $1,300.00 that is automatically sent by the U.S. Army on behalf of Plaintiff to Coldwell Banker Mortgage at the beginning of each month.  Attached as Exhibit 1 are the copies of Plaintiff's Leave and Earning Statements which reflect this $1,300.00 monthly allotment.

13.

After almost a year and a half of Coldwell Banker Mortgage properly and timely receiving and accepting Plaintiff's monthly payments this way, Plaintiff began receiving numerous phone calls and letters from Coldwell Banker Mortgage telling Plaintiff that he has not made his monthly mortgage payments and/or was late in making his payments.

14.

Plaintiff tried to explain numerous times to Coldwell Banker Mortgage, both verbally and in writing, that Plaintiff has an automatic allotment set up to directly pay his mortgage payment each month and that he is not, nor has ever been, in arrears or late on his mortgage.

3

15.

Coldwell Banker Mortgage first notified Plaintiff with a "Late Notice" in May 2009, that it allegedly did not receive Plaintiff's payment for the month of May. Attached as Exhibit 2 is a copy of that notice.

16.

Plaintiff immediately contacted Coldwell Banker Mortgage by phone to dispute that he was in or has ever been in arrears or late on his mortgage.

17.

After talking with several Coldwell Banker Mortgage representatives who could not help him, one representative informed Plaintiff that his monthly mortgage payment for April 2009 had been wrongly credited to someone else's account and that when Plaintiff's May 2009 payment was received, Coldwell Banker Mortgage used that payment to credit his account for April.

18.

Plaintiff was assured that Coldwell Banker Mortgage was going to remedy the situation and Plaintiff's account would be corrected by Coldwell Banker Mortgage to accurately reflect that Plaintiff was not, and had never been, in arrears or late on his mortgage.

19.

Plaintiff received another letter from Coldwell Banker Mortgage dated May 22, 2009, stating that Plaintiff's payment was not received and threatening to report Plaintiff's alleged delinquency to the credit bureaus.  Attached as Exhibit 3 is a copy of that letter.

4

20.

Plaintiff immediately contacted Coldwell Banker Mortgage by phone to dispute that he was or ever has been in arrears or late on his mortgage. Plaintiff spoke with a representative named Mr. Varun, a representative named Mr. Riyaz, and a senior representative named Mr. Rensie, none of whom could help Plaintiff.

21.

Plaintiff then spoke for almost an hour with a representative named Mr. Chirston Sisom, who informed Plaintiff that it was Coldwell Banker Mortgage's error and that he would correct Coldwell Banker Mortgage's records to accurately reflect that Plaintiff was not and had never been in arrears or late on his mortgage.

22.

Plaintiff was placed on hold while Mr. Sisom attempted to do this and the call was subsequently disconnected by Coldwell Banker Mortgage.

23.

Plaintiff immediately called back and talked with another representative named Emerson Forbes who told Plaintiff Coldwell Banker Mortgage's error had been corrected.

24.

At this time, Plaintiff requested that he be sent a confirmation letter to verify that Coldwell Banker Mortgage's error on his mortgage account had, in fact, been corrected.

25.

Coldwell Banker Mortgage assured Plaintiff that he would receive such a confirmation letter within 5 to 7 business days.

26.

Coldwell Banker Mortgage never sent Plaintiff this confirmation letter.

27.

Instead, on June 20, 2009, Plaintiff received another late payment notice from Coldwell Banker Mortgage falsely accusing him of being in arrears on his mortgage. A copy of this notice is attached as Exhibit 4.

28.

On June 22, 2009, Plaintiff sent Coldwell Banker Mortgage a "qualified written request from the borrower" as required by 12 USC § 2605 (e). Attached as Exhibit 5 is a copy of that letter.

29.

Shortly after the qualified written request was sent on June 22, 2009, Coldwell Banker Mortgage confirmed over the phone with Plaintiff that Coldwell Banker Mortgage had corrected its mistake.

30.

Coldwell Banker Mortgage also promised Plaintiff at this time to immediately mail Plaintiff a full and accurate accounting record for his mortgage and a statement verifying he had never been in arrears or late.

31.

Coldwell Banker Mortgage did not comply with its obligations under 12 USC §2605 (e) and did not send Plaintiff the requested record of his account or a letter verifying he had never been in arrears or late.

32.

On October 22, 2009, Plaintiff received another letter from Coldwell Banker Mortgage falsely and improperly accusing him of being in arrears on his mortgage. Attached as Exhibit 6 is a copy of that notice.

33.

Immediately upon receiving this late payment notice on October 22, 2009, Plaintiff again called Coldwell Banker Mortgage and spoke with a representative named Ms. Anna Dunanan and tried to resolve this dispute.

34.

Ms. Dunanan could not help Plaintiff but told Plaintiff that she would place an order for a written inquiry to be done on Plaintiff's account.

35.

Plaintiff sent a second qualified written demand under 12 USC § 2605 (e) to Coldwell Banker Mortgage on October 23, 2009.  Attached as Exhibit 7 is a copy of that letter.

36.

Plaintiff received a letter dated October 27, 2009 from Coldwell Banker Mortgage stating that it was in receipt of Plaintiff's written request and that Coldwell Banker Mortgage would respond to Plaintiff's inquiry in writing as soon as Coldwell Banker Mortgage's research was complete.  Attached as Exhibit 8 is a copy of that letter.

37.

Plaintiff began receiving regular phone messages from Coldwell Banker Mortgage directing Plaintiff to contact Coldwell Banker Mortgage immediately about his account.

38.

Plaintiff called Coldwell Banker Mortgage on November 13, 2009, and spoke with representatives named Hector, Bivya and Reada Kagadaba, asking for the results of the inquiry on his account.

39.

Plaintiff was told that there was no inquiry being done on his account and no computer record that a request had ever been put in for an inquiry on his account.

40.

Plaintiff was also told that Coldwell Banker Mortgage considered him delinquent on both his October 2009 and November 2009 mortgage payments.  Plaintiff reiterated that he just wanted to have this dispute resolved and asked what he could do to facilitate that process.

41.

Plaintiff was told that a request for an inquiry into his account could be done and that the representative would submit that for him, despite the fact that Coldwell Banker Mortgage had already notified Plaintiff with a letter dated October 27, 2009, that an inquiry into his account was being processed.

8

42.

On November 17, 2009, Ms. Renee Vavul from the United States Army Central Disbursing/Treasury Operations Fort Benning office sent PHH Mortgage/Coldwell Banker Mortgage an email notification stating that Plaintiff's $1,300.00 mortgage payment was sent as it always has been to PHH Mortgage/Coldwell Banker Mortgage on October 1, 2009 for Plaintiff's October payment and on October 30, 2009, for Plaintiff's November payment.  Attached as Exhibit 9 is a copy of this email notification.

43.

On or about November 17, 2009, Plaintiff returned a phone message from Coldwell Banker Mortgage about his account.

44.

Plaintiff was told by Coldwell Banker Mortgage that his account was now considered by Coldwell Banker Mortgage to be "current;" however, Coldwell Banker Mortgage considered the payments for October 2009 and November 2009 to be late despite being given verification that the payment for October 2009 was sent on October 1, 2009 and the payment for November 2009 was sent on October 30, 2009.

45.

In November 2009, Coldwell Banker Mortgage reported to all three credit bureaus—Equifax, TransUnion, and Experian that Plaintiff's mortgage was past due in the amount of $2418.00.

46.

As a result of Coldwell Banker Mortgage improperly reporting Plaintiff as delinquent to all three credit bureaus, Plaintiff's credit has been negatively impacted.

9

47.

Plaintiff and his wife received a letter from their banking institution, Columbus Bank & Trust Company, dated November 23, 2009, stating that their previously approved request for a Visa credit card was now being denied due to the recently reported "serious delinquency" on Plaintiff's credit report.  Attached as Exhibit 10 is a copy of that letter.

48.

Coldwell Banker Mortgage has refused to answer Plaintiff's legitimate inquiries and has refused to correct and straighten out Plaintiff's account.

49.

Defendant's actions proximately caused damages to Plaintiff.  Plaintiff has suffered emotionally, physically, and financially from this entire ordeal as a direct result of Coldwell Banker Mortgage's actions.

COUNT ONE

RESPA VIOLATIONS

50.

Coldwell Banker Mortgage has failed to comply with Section 2605 of RESPA, making Coldwell Banker Mortgage liable for all actual damages caused to Plaintiff, including but not limited to, emotional damages.

COUNT TWO

BREACH OF CONTRACT

51.

10

Coldwell Banker Mortgage has breached its contracts with Mr. Brash.

## COUNT THREE

## NEGLIGENCE

52.

Coldwell Banker Mortgage has negligently serviced Mr. Brash's loan.

## COUNT FOUR

## ATTORNEY FEES & EXPENSES

53.

Coldwell Banker Mortgage has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to recover attorneys fees and expenses under O.C.G.A. § 13-6-11.

## COUNT FIVE

## PUNITIVE DAMAGES

54.

Coldwell Banker Mortgage is liable for punitive damages for its willful, malicious and reckless conduct and specific intent to cause harm to Plaintiff.

WHEREFORE plaintiff prays that he recover the following:

(1)   Actual damages;

(2)   Emotional damages;

(3)   General damages;

(4)   Damages to credit reputation;

(5)   Expenses of litigation, including attorneys' fees;

(6)   Punitive damages;

11

(7)     Such other damages as are appropriate in this case;

(8)     For a trial by Jury.


This 1st day of December 2009.

                                        CHARLES A. GOWER, P.C.

                                        _____
                                        CHARLES A. GOWER
                                        Georgia Bar No. 303500
                                        TERESA T. ABELL
                                        Georgia Bar No. 000383

1425 Wynnton Road
P. O. Box 5509
Columbus, GA  31906
(706)324-5685

12