IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

DAVID BRASH,                           *
                                       *
        Plaintiffs,                    *
                                       *
v.                                     *       CIVIL ACTION
                                       *       FILE NO.: <u>4:09-CV-146</u>
                                       *
PHH MORTGAGE CORPORATION,              *
d/b/a COLDWELL BANKER                  *
MORTGAGE,                              *
                                       *
        Defendant.                     *
                                       *
_____       *

## PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS

COMES NOW, Plaintiff David Brash, in the above-styled case and files this his

Motion to Compel Defendant PHH Mortgage Corporation to respond to his discovery

requests and shows the Court as follows:

Plaintiff filed his complaint in the instant case on December 1, 2009.  The original

scheduling order in this case, entered on February 9, 2010, had the discovery period set to

expire on June 21, 2010.  Plaintiff served his first request for production of documents

and first interrogatories on Defendant PHH Mortgage Corporation on February 11, 2010

and February 15, 2010 respectively.  Defendant contacted Plaintiff near the end of March

2010 to ask Plaintiff to agree to an extension of time for Defendant to respond.  *See* Exh.

1, Emails between counsel regarding Defendant's responses.  Plaintiff first agreed to

grant Defendant a month extension of time to respond to Plaintiff's discovery requests in

March 2010.  *Id.*  Since that time, Plaintiff has continually asked Defendant when

Plaintiff could expect its responses to discovery, only to be repeatedly asked for extensions of time to for Defendant to respond while given assurances that Defendant's counsel is working to get responses from their client. *Id.* Around the beginning of April 2010, Defendant asked Plaintiff to consent to a motion to amend the scheduling order to grant them still more time to respond to Plaintiff's discovery requests. The scheduling order was subsequently amended upon the Court's April 7, 2010 Order which extended the deadline for discovery to August 2, 2010. [Pacer Doc. 14].

Almost another two (2) months passed, and on May 28, 2010, Defendant served Plaintiff with Defendant's supposed "responses" to Plaintiff's discovery requests. These "responses" were in fact, *anything but responsive. See* Exh. 2, Defendant's first responses to Plaintiff's discovery requests. Defendant's "responses" to Plaintiff's first discovery requests for the most part consisted of nothing but bald, boilerplate objections and/or promises to produce responsive information at a later, unspecified time. *Id.* On June 1, 2010, Plaintiff sent Defendant PHH Mortgage a "meet and confer" letter pursuant to Fed. Rule Civ. P. 37, requesting that Defendant promptly supplement its discovery "responses" with true, full and complete responses to Plaintiff's requests or Plaintiff would be forced to file a motion to compel. *See* Exh. 3, 06/1/2010 "meet and confer" letter from Charlie Gower to Lisa Rose.

On June 8, 2010, Plaintiff received Defendant's "supplemented responses" to Plaintiff's first request for production of documents. However, Defendant's supplemental document production consisted of only a few responsive documents which Defendant clearly "cherry-picked" from its file on Plaintiff's account. Plaintiff communicated to Defendant yet again, that its responses were incomplete and thus,

unsatisfactory. *See* Exh. 1, Emails between counsel regarding Defendant's responses. Defendant assured Plaintiff yet again that a motion to compel would not be necessary and Defendant would provide the responsive information.   Plaintiff has graciously given Defendant more than ample time to do provide the requested information with the expectation that Defendant would finally make good on its repeated promises to fully and completely respond to Plaintiff's discovery requests. *See Id.*  Plaintiff has continued to ask Defendant when he can expect to receive Defendant's complete responses to discovery requests and has also asked Defendant to designate a representative for a 30 (b)(6) deposition and available times and places for the deposition to occur. *See id.*  To date, Defendant has refused to respond to Plaintiff's inquiries in any meaningful way and thus, much to Plaintiff and the Court's dismay, another amendment to the scheduling order was necessary. *See id.*

For over six (6) months Plaintiff has been repeatedly assured by Defendant that full and complete responses to his discovery requests would be forthcoming and Plaintiff time and again has given Defendant the benefit of the doubt, only to find himself still without full and complete responses to his discovery requests.  It is blatantly obvious at this point in time that Defendant's actions (and inactions) over the past six (6) months have been designed to frustrate discovery and delay the progression of this case.  As such, Plaintiff asks the Court to grant his motion and compel Defendant to fully respond to Plaintiff's first discovery requests seeking the production of Defendant's *entire* (non-privileged) file on Plaintiff David Brash, including, but not limited to, the following responsive information:

1) transcripts for all phone calls between Mr. Brash and any and all PHH

Mortgage/Coldwell Banker Representatives;

    2)  a full and complete "consolidated note log;"

    3)  a code key to go along with Defendant's "consolidated note log;"

    4)  whatever "receipt," notice, or any other type of documentation—written, electronic, or otherwise that Defendant receives each month concerning Plaintiff's military allotment payment;

    5)  a copy of the "apology letter" to Plaintiff which is referenced on 6/29/2009 and 7/01/2009 currently produced partial "consolidated note log;" and

    6)  any other non-privileged chronological logs or records that show the details of communication with anyone regarding Plaintiff's account.


Respectfully submitted this 5th of August, 2010.


                    Law Offices of Charles A. Gower

                    By:

                        CHARLES A. GOWER
                        Georgia Bar No.: 303500

1425 Wynnton Road
Post Office Box 5509
Columbus, Georgia 31906
(706) 324-5685

                        *Attorney for Plaintiff*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a true and correct copy of the **"PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS"** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

W. Reese Willis, Esq.
Lisa Rose, Esq.
Emilie O. Denmark, Esq.
McCalla Raymer, LLP
Six Concourse Parkway
Suite 3200
Atlanta, Georgia 30328

This 5th day of August, 2010.

CHARLES A. GOWER