# Exhibit
# 1

## Charlie Gower

| | |
|---|---|
| **From:** | Lisa Rose [lkr@mccallaraymer.com] |
| **Sent:** | Monday, March 29, 2010 12:24 PM |
| **To:** | Charlie Gower |
| **Cc:** | Teresa Abell; JoAnn Green |
| **Subject:** | Brash v Litton |
| **Importance:** | High |

Charlie,

Thanks for consenting to a one month extension of time for Defendant to respond to Plaintiff's first interrogatories and first request for production of documents. As I mentioned to you on the telephone, we are waiting for our client to prepare a new audit on the loan account so that we may review the same with you in an effort to resolve the claims.

Attached is a proposed Joint Stipulation for Extension for your review. If you consent to the language, please print and sign your name and return to my attention and then I will electronically file the same with our electronic signature.

Thanks!

-Lisa

Lisa K. Rose, Esq.*
Partner-Litigation Group
McCalla Raymer, LLC
6 Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Direct: 678.281.6443
Main: 678.281.6500
Fax: 678.281.6501
lkr@mccallaraymer.com

*MBA Certified - Mortgage Compliance

8/5/10

## Charlie Gower

| | |
|---|---|
| **From:** | Charlie Gower |
| **Sent:** | Tuesday, May 04, 2010 12:03 PM |
| **To:** | 'Emilie Denmark' |
| **Cc:** | Lisa Rose; Teresa Abell |
| **Subject:** | RE: Brash v. PHH, account history |

**Please let me know when we can expect your responses to our discovery requests in this case which were dated February 11 and February 15, 2010.  We have yet to hear back from you on this matter.**

Thank you.

---

**From:** Emilie Denmark [mailto:eod@mccallaraymer.com]
**Sent:** Tuesday, May 04, 2010 11:31 AM
**To:** Charlie Gower
**Cc:** Lisa Rose
**Subject:** Brash v. PHH, account history

Please find attached a customer account activity statement for Mr. Brash's loan account with PHH, as well as the transaction codes.  Please let me or Lisa know once you've had a chance to review this with your client.  Thanks-

**Emilie O. Denmark, Esq.**
**McCalla Raymer, LLC**
6 Concourse Parkway, Suite 3200, Atlanta, GA  30328
Direct: 678-281-6473, Main: 678-281-6500, Fax: 770-643-4306

**Charlie Gower**

| | |
|---|---|
| **From:** | Charlie Gower |
| **Sent:** | Friday, May 07, 2010 11:42 AM |
| **To:** | Lisa Rose |
| **Subject:** | brash |

When will we get discovery responses?

Charlie Gower
P.O. Box 5509
1425 Wynnton Road
Columbus, GA 31906
(706) 324-5685
(706) 322-2964 fax

The preceding message and any attachments may contain confidential information protected by the Attorney-Client privilege or other privilege. If you believe that you have received this message in error, please respond to or notify the sender then destroy the message.

## Charlie Gower

| | |
|---|---|
| **From:** | Lisa Rose [lkr@mccallaraymer.com] |
| **Sent:** | Monday, May 17, 2010 2:42 PM |
| **To:** | Charlie Gower |
| **Cc:** | Emilie Denmark |

**Subject: RE: brash discovery**

I spoke with my client on Thursday and Friday and he was waiting for a representative in their business unit to complete final verification. I will follow up with the client now.

-Lisa

Lisa K. Rose, Esq.*
Partner-Litigation Group
McCalla Raymer, LLC
6 Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Direct: 678.281.6443
Main:  678.281.6500
Fax:  678.281.6501
lkr@mccallaraymer.com

*MBA Certified - Mortgage Compliance

**From:** Charlie Gower [mailto:Charlie@cagower.com]
**Sent:** Monday, May 17, 2010 2:10 PM
**To:** Lisa Rose
**Subject:** brash discovery

?

Charlie Gower
P.O. Box 5509
1425 Wynnton Road
Columbus, GA 31906
(706) 324-5685
(706) 322-2964 fax

The preceding message and any attachments may contain confidential information protected by the Attorney-Client privilege or other privilege. If you believe that you have received this message in error, please respond to or notify the sender then destroy the message.

----------------------------
NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email.  If you are not an intended

8/5/10

recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy or rely in any way on the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.

----------------------------

## Charlie Gower

| | |
|---|---|
| **From:** | Lisa Rose [lkr@mccallaraymer.com] |
| **Sent:** | Tuesday, May 25, 2010 10:58 AM |
| **To:** | Charlie Gower |
| **Cc:** | Emilie Denmark |

**Subject:** RE: brash discovery

I sent my client a reminder this morning that I am waiting for his verification of the discovery. My client told me that I would have the responses 2 weeks ago, which is why I communicated the same to you. I apologize for the delay and did not anticipate this further delay from my client.

Lisa K. Rose, Esq.*
Partner-Litigation Group
McCalla Raymer, LLC
6 Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Direct: 678.281.6443
Main: 678.281.6500
Fax: 678.281.6501
lkr@mccallaraymer.com

*MBA Certified - Mortgage Compliance

**From:** Charlie Gower [mailto:Charlie@cagower.com]
**Sent:** Tuesday, May 25, 2010 10:56 AM
**To:** Lisa Rose
**Subject:** brash discovery

?

Charlie Gower
P.O. Box 5509
1425 Wynnton Road
Columbus, GA 31906
(706) 324-5685
(706) 322-2964 fax

The preceding message and any attachments may contain confidential information protected by the Attorney-Client privilege or other privilege. If you believe that you have received this message in error, please respond to or notify the sender then destroy the message.

----------------------------
NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and

DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy or rely in any way on the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.
---------------------------

---------------------------
NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy or rely in any way on the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.
---------------------------

**Charlie Gower**

| | |
|---|---|
| **From:** | Lisa Rose [lkr@mccallaraymer.com] |
| **Sent:** | Thursday, May 27, 2010 4:48 PM |
| **To:** | Charlie Gower |
| **Subject:** | Brash |

I just received my clients verification and final responses and will forward same to you tomorrow morning.
Sent from my iPhone


------------------------------
[Insert your disclaimer here]
------------------------------

1

## Charlie Gower

**From:** Charlie Gower
**Sent:** Tuesday, June 08, 2010 10:11 AM
**To:** 'Lisa Rose'; Emilie Denmark
**Cc:** Teresa Abell
**Subject:** Brash v. PHH Mortgage - Discovery

Lisa,

We have reviewed your supplemental responses and document production in response to Plaintiff's first set of discovery requests. I ask that Defendant supplement its production with the following:

(1) A code key for Defendant's "Consolidated Note Log";

(2) The transcripts for all phone calls between Plaintiff and Defendant;

(3) Any documentation and/or records related to Defendant's receipt of Plaintiff's payment each month from the military allotment. Any confidential information other than that related to Mr. Brash may be redacted if necessary; and

(4) A copy of the "letter of apology" referenced in Defendant's "Consolidated Note Log" on 06/29/2009 and 07/01/09.

I look forward to your prompt response. Thanks.

Charlie Gower
P.O. Box 5509
1425 Wynnton Road
Columbus, GA 31906
(706) 324-5685
(706) 322-2964 fax

The preceding message and any attachments may contain confidential information protected by the Attorney-Client privilege or other privilege. If you believe that you have received this message in error, please respond to or notify the sender then destroy the message.

## Charlie Gower

| | |
|---|---|
| **From:** | Lisa Rose [lkr@mccallaraymer.com] |
| **Sent:** | Tuesday, June 08, 2010 11:42 PM |
| **To:** | Charlie Gower; Emilie Denmark |
| **Cc:** | Teresa Abell |
| **Subject:** | RE: Brash v. PHH Mortgage discovery |

Charlie,

I have requested the updated consolidation notes log from my client as well as the additional documents referenced below. I will be out of the office traveling the rest of the week, but I will forward the documents to you upon my receipt of same. Thanks.

-Lisa

Lisa K. Rose, Esq.*
Partner-Litigation Group
McCalla Raymer, LLC
6 Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Direct: 678.281.6443
Main: 678.281.6500
Fax: 678.281.6501
lkr@mccallaraymer.com

*MBA Certified - Mortgage Compliance

---

**From:** Charlie Gower [mailto:Charlie@cagower.com]
**Sent:** Tuesday, June 08, 2010 11:20 AM
**To:** Lisa Rose; Emilie Denmark
**Cc:** Teresa Abell
**Subject:** Brash v. PHH Mortgage discovery

Lisa,

The last entry on the current "Consolidation Notes Log" produced by Defendant is dated 11/12/2009; however, your client continued to correspond with Mr. Brash regarding this matter after this date. I ask that Defendant supplement its current production with a full and complete log covering all communications—including phone calls and written correspondence—between Defendant and Mr. Brash regarding this matter. Defendant should also produce copies of all written correspondence between Defendant and Mr. Brash regarding this matter as well as the previously requested phone call transcripts between Defendant and Mr. Brash. I would like to point out that Defendant's current production only includes a couple letters Defendant sent to Mr. Brash regarding this matter—some of which appear to be copies of the ones Plaintiff attached to his Complaint (rather than copies from Defendant's own file on Mr. Brash) as they contain Plaintiff's handwriting. Again, Plaintiff's request asked Defendant to produce its entire file on Mr. Brash and all chronological logs that show the details of communication with anyone (including Mr. Brash) with regard to his account.

Thanks

Charlie Gower
P.O. Box 5509
1425 Wynnton Road
Columbus, GA 31906
(706) 324-5685
(706) 322-2964 fax

The preceding message and any attachments may contain confidential information protected by the Attorney-Client privilege or other privilege. If you believe that you have received this message in error, please respond to or notify the sender then destroy the message.

------------------------------
NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy or rely in any way on the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.
------------------------------

------------------------------
NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy or rely in any way on the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.
------------------------------

## Charlie Gower

**From:**   Charlie Gower
**Sent:**   Tuesday, June 15, 2010 8:29 AM
**To:**   'lkr@mccallaraymer.com'
**Subject:** Re: brash case

Yes

Charlie Gower
P.O. Box 5509
1425 Wynnton Road
Columbus, GA 31906
(706) 324-5685
(706) 322-2964 fax

The preceding message and any attachments may contain confidential information protected by the
Attorney-Client privilege or other privilege. If you believe that you have received this message in error,
please respond to or notify the sender then destroy the message.

---

**From:** Lisa Rose <lkr@mccallaraymer.com>
**To:** Charlie Gower
**Cc:** Emilie Denmark <eod@mccallaraymer.com>
**Sent:** Tue Jun 15 08:28:01 2010
**Subject:** RE: brash case

I have a conference call with my client this afternoon to discuss the status of the requested documents
and your request for a 30(b)(6) deposition. As for the 30(b)(6) deposition, will your topics be limited to
specific questions related to Brash's account? I want to make sure we designate the proper
representative for same.

Thanks.

-Lisa

Lisa K. Rose, Esq.*
Partner-Litigation Group
McCalla Raymer, LLC
6 Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Direct: 678.281.6443
Main: 678.281.6500
Fax: 678.281.6501
lkr@mccallaraymer.com

*MBA Certified - Mortgage Compliance

**From:** Charlie Gower [mailto:Charlie@cagower.com]
**Sent:** Thursday, June 10, 2010 12:54 PM
**To:** Lisa Rose
**Subject:** brash case

After we get all of the info from you we would like to depose the 30 b 6 rep must knowledgeable about

8/5/10

brash's ac. Please advise when and where

Charlie Gower
P.O. Box 5509
1425 Wynnton Road
Columbus, GA 31906
(706) 324-5685
(706) 322-2964 fax

The preceding message and any attachments may contain confidential information protected by the Attorney-Client privilege or other privilege. If you believe that you have received this message in error, please respond to or notify the sender then destroy the message.

----------------------------
NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy or rely in any way on the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.
----------------------------


----------------------------
NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy or rely in any way on the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.
----------------------------

## Charlie Gower

| | |
|---|---|
| **From:** | Emilie Denmark [eod@mccallaraymer.com] |
| **Sent:** | Monday, June 28, 2010 9:10 AM |
| **To:** | Charlie Gower |
| **Cc:** | Lisa Rose |
| **Subject:** | RE: Brash v. PHH Mortgage |

Charlie: Lisa is out of the office this week, but in the interim, please contact me with questions regarding this file. These documents have been requested from my client and the urgency of the request has been emphasized. I will forward to you as soon as I receive them.

Additionally, we have discussed a 30(b)(6) deposition with our client and are working on a list of possible times and dates. If you can provide a list of 30(b)(6) topics, that may help narrow who will be the representative so that we can get a better idea of that person's availability. Regardless, please note that your request for times and dates is not being ignored.

Thank you.

**Emilie O. Denmark, Esq.**
**McCalla Raymer, LLC**
Associate, Litigation Group
6 Concourse Parkway, Suite 3200, Atlanta, GA 30328
Direct: 678-281-6473, Main: 678-281-6500, Fax: 770-643-4306 eod@mccallaraymer.com

**From:** Charlie Gower [mailto:Charlie@cagower.com]
**Sent:** Wednesday, June 23, 2010 9:38 AM
**To:** Lisa Rose
**Cc:** Emilie Denmark
**Subject:** Brash v. PHH Mortgage

Lisa,

Please let me know the status of the requested document production in this case. In your email to me regarding this matter last week, you suggested that we would be receiving these additional documents from your client shortly and thus, far we have not received anything. In addition, I requested times and dates for conducting a 30 (b)(6) deposition and have not received a response from you yet. I look forward to hearing from you promptly.

Thanks

Charlie Gower
P.O. Box 5509
1425 Wynnton Road
Columbus, GA 31906
(706) 324-5685
(706) 322-2964 fax

The preceding message and any attachments may contain confidential information protected by the Attorney-Client privilege or other privilege. If you believe that you have received this message in error, please respond to or notify

the sender then destroy the message.

------------------------------

NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy or rely in any way on the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.

------------------------------

------------------------------

NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy or rely in any way on the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.

------------------------------

------------------------------

NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy or rely in any way on the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.

------------------------------

8/5/10

# Charlie Gower

| | |
|---|---|
| **From:** | Lisa Rose [lkr@mccallaraymer.com] |
| **Sent:** | Tuesday, July 13, 2010 1:44 PM |
| **To:** | Charlie Gower |
| **Cc:** | Emilie Denmark; Teresa Abell |

**Subject:** RE: Brash v. PHH Mortgage

Charlie,

I appreciate your patience with us as we try to gather the requested documentation. To better assist our client in designating a corporate witness, date and location , can you please forward the list of topics to be included in the 30(b)(6) notice? Thanks.

-Lisa

Lisa K. Rose, Esq.*
Partner-Litigation Group
McCalla Raymer, LLC
6 Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Direct: 678.281.6443
Main: 678.281.6500
Fax: 678.281.6501
lkr@mccallaraymer.com

*MBA Certified - Mortgage Compliance

**From:** Charlie Gower [mailto:Charlie@cagower.com]
**Sent:** Tuesday, July 13, 2010 9:58 AM
**To:** Lisa Rose
**Cc:** Emilie Denmark; Teresa Abell
**Subject:** Brash v. PHH Mortgage

Lisa:

As I am sure you are well aware, the current scheduled end of the discovery period is rapidly approaching and will end on August 2, 2010. I am still waiting on full and complete discovery responses from your client which you have repeatedly promised. Again, I have requested your client provide the following responsive information: transcripts for all phone calls between Mr. Brash and any and all PHH Mortgage/Coldwell Banker representatives; a code key to go along with Defendant's "consolidated note log," and a full and complete "consolidated note log" as the one Defendant provided ends on 11/12/2009 and is thus, incomplete; whatever "receipt," notice, or any other type of documentation—written, electronic, or otherwise that Defendant receives each month concerning Mr. Brash's military allotment payment (Defendant may redact any privileged information if necessary); a copy of the "apology letter" to Mr. Brash which is referenced on 6/29/2009 and 7/01/2009 of the currently produced "consolidated note log;" and any other non-privileged chronological logs that show the details of communication with anyone (including Mr. Brash) with regard to his account. In addition, I am still waiting for you to identify a representative of your client for a 30 (b)(6) deposition, as well as the available times and places for such a deposition to occur. I ask you to please let me know as soon as possible

whether your client intends to provide the requested discovery responses before the close of the discovery period on August 2, 2010 or whether a motion to compel is necessary.  Thank you.

Charlie Gower
P.O. Box 5509
1425 Wynnton Road
Columbus, GA 31906
(706) 324-5685
(706) 322-2964 fax

The preceding message and any attachments may contain confidential information protected by the Attorney-Client privilege or other privilege. If you believe that you have received this message in error, please respond to or notify the sender then destroy the message.

-----------------------------
NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy or rely in any way on the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney.  You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.
-----------------------------

-----------------------------
NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy or rely in any way on the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney.  You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.
-----------------------------

## Charlie Gower

| | |
|---|---|
| **From:** | Lisa Rose [lkr@mccallaraymer.com] |
| **Sent:** | Tuesday, July 13, 2010 4:20 PM |
| **To:** | Charlie Gower |
| **Cc:** | Emilie Denmark; Teresa Abell |

**Subject:** RE: Brash v. PHH Mortgage

Charlie, thanks for identifying the list of topics.  As soon as I discuss the same with the client, I will be in touch.

-Lisa

Lisa K. Rose, Esq.*
Partner-Litigation Group
McCalla Raymer, LLC
6 Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Direct:  678.281.6443
Main: 678.281.6500
Fax: 678.281.6501
lkr@mccallaraymer.com

*MBA Certified - Mortgage Compliance

**From:** Charlie Gower [mailto:Charlie@cagower.com]
**Sent:** Tuesday, July 13, 2010 4:15 PM
**To:** Lisa Rose
**Cc:** Emilie Denmark; Teresa Abell
**Subject:** Brash v. PHH Mortgage

Lisa,

For purposes of a 30 (b)(6) deposition I would obviously like to depose the representative of PHH Mortgage/Coldwell Banker Mortgage who is the most knowledgeable about Mr. Brash's account.  This person should also be knowledgeable about the following: Defendant's receipt of automatic monthly payments and military allotments; how Defendant credits such payments to the individual customer accounts; Defendant's customer service representative training and how customer concerns and complaints are handled; Defendant's policies and procedures as they relate to "RESPA" demands; and Defendant's policies and procedures as they relate to the customer account "review" or "audit" process.

Charlie Gower
P.O. Box 5509
1425 Wynnton Road
Columbus, GA 31906
(706) 324-5685
(706) 322-2964 fax

The preceding message and any attachments may contain confidential information protected by the Attorney-Client privilege or other privilege. If you believe that you have received this message in error, please respond to or notify

8/5/10

the sender then destroy the message.

-----------------------------
NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy or rely in any way on the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.
-----------------------------

-----------------------------
NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy or rely in any way on the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.
-----------------------------

## Charlie Gower

| | |
|---|---|
| **From:** | Lisa Rose [lkr@mccallaraymer.com] |
| **Sent:** | Friday, July 23, 2010 1:48 PM |
| **To:** | Charlie Gower |
| **Cc:** | Emilie Denmark |
| **Subject:** | Brash |

Charlie,

I hope to get back to you this afternoon or Monday regarding the request for the 30(b)(6) deposition and the outstanding documents.  Thanks for your continued patience.

-Lisa

Lisa K. Rose, Esq.*
Partner-Litigation Group
McCalla Raymer, LLC
6 Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Direct:  678.281.6443
Main:  678.281.6500
Fax:  678.281.6501
lkr@mccallaraymer.com

*MBA Certified - Mortgage Compliance

----------------------------
NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email.  If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal.  Sender reserves and asserts all rights to confidentiality, including all privileges which may apply.  Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email.  DO NOT review, copy or rely in any way on the contents of this email and its attachments.  NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION.  If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney.  You are encouraged to retain counsel of your choice if you desire to do so.  All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.
----------------------------

## Charlie Gower

| | |
|---|---|
| **From:** | Charlie Gower |
| **Sent:** | Thursday, July 29, 2010 11:24 AM |
| **To:** | 'Lisa Rose'; Emilie Denmark |
| **Subject:** | Brash v. PHH Mortgage |

Lisa,

It is obvious that an extension to the current discovery period in the Brash case is going to be necessary as we are still waiting for your client to fully respond to discovery, designate a representative for a 30 (b)(6) deposition and suggest some available times and places for the deposition to occur. I think a 60 day extension to all matters contained in the current scheduling order would be appropriate. Does your office want to handle drafting a consent motion for this extension of time and forward to me for review? Please let me know your thoughts as soon as possible. Thanks

Charlie Gower
P.O. Box 5509
1425 Wynnton Road
Columbus, GA 31906
(706) 324-5685
(706) 322-2964 fax

The preceding message and any attachments may contain confidential information protected by the Attorney-Client privilege or other privilege. If you believe that you have received this message in error, please respond to or notify the sender then destroy the message.

## Charlie Gower

| | |
|---|---|
| **From:** | Lisa Rose [lkr@mccallaraymer.com] |
| **Sent:** | Thursday, July 29, 2010 3:37 PM |
| **To:** | Charlie Gower |
| **Cc:** | Emilie Denmark |
| **Subject:** | RE: Brash v. PHH Mortgage |

Charlie,

We will consent to a 60 day discovery extension and our office will prepare the consent motion regarding same.  I am still waiting for the designation of witness(es) from my client.

Thanks.

Lisa

Lisa K. Rose, Esq.*
Partner-Litigation Group
McCalla Raymer, LLC
6 Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Direct:  678.281.6443
Main:  678.281.6500
Fax:  678.281.6501
lkr@mccallaraymer.com

*MBA Certified - Mortgage Compliance

**From:** Charlie Gower [mailto:Charlie@cagower.com]
**Sent:** Thursday, July 29, 2010 11:24 AM
**To:** Lisa Rose; Emilie Denmark
**Subject:** Brash v. PHH Mortgage

Lisa,

It is obvious that an extension to the current discovery period in the Brash case is going to be necessary as we are still waiting for your client to fully respond to discovery, designate a representative for a 30 (b)(6) deposition and suggest some available times and places for the deposition to occur.  I think a 60 day extension to all matters contained in the current scheduling order would be appropriate.  Does your office want to handle drafting a consent motion for this extension of time and forward to me for review?  Please let me know your thoughts as soon as possible.  Thanks

Charlie Gower
P.O. Box 5509
1425 Wynnton Road
Columbus, GA 31906
(706) 324-5685
(706) 322-2964 fax

The preceding message and any attachments may contain confidential information protected by the Attorney-Client

8/5/10

privilege or other privilege. If you believe that you have received this message in error, please respond to or notify the sender then destroy the message.

----------------------------

NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy or rely in any way on the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.

----------------------------

----------------------------

NOTICE: this email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy or rely in any way on the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or engagement letter with this firm, the firm DOES NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachment are expressly reserved.

----------------------------

# Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| **DAVID BRASH,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **4-09-cv-146** |
| **vs.** | ) | |
| | ) | |
| **PHH MORTGAGE CORPORATION,** | ) | |
| **d/b/a COLDWELL BANKER** | ) | |
| **MORTGAGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S RESPONSES AND OBJECTIONS
## TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO PHH MORTGAGE CORPORATION, d/b/a COLDWELL BANKER
## MORTGAGE

COMES NOW, PHH MORTGAGE CORPORATION, d/b/a COLDWELL

BANKER MORTGAGE (hereinafter, "Defendant"), by and through its

undersigned counsel, and responds to Plaintiff's First Request for Production to

PHH Mortgage Corporation, d/b/a Coldwell Banker Mortgage (hereinafter,

"Plaintiff's discovery requests") as follows:

### PRELIMINARY STATEMENT

(A)   The following responses are based upon information presently

available to Defendant, which Defendant believes to be correct.  Said responses are

made without prejudice to Defendant's right to utilize subsequently discovered

facts.

(B)    No incidental or implied admission of fact by Defendant is made by the responses below.  The only admissions are express admissions.  The fact that Defendant has answered any interrogatory, any request or produced any document herein may not properly be taken as an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such discovery request, or that such response constitutes admissible evidence.  The fact that Defendant has answered part or all of any request or any interrogatory or any request for production is not intended to and shall not be construed to be a waiver by Defendant of all or any part of any objection by Defendant to the admissibility of evidence at trial or the relevance of the response.

(C)    Neither the absence or limitation of any objection below, nor the absence of any statement below that Defendant has no information responsive to the requests or interrogatories, can or should be interpreted as an acknowledgment that Defendant has such information or has access to information which may be responsive to said requests or interrogatories.

(D)    The responses to the requests or interrogatories may be supplemented by Defendant's further investigation and acquisition of information which Defendant does not either possess or recall at this time.  However, any such further supplementation shall be made only in accordance with the Federal Rules of Civil Procedure.

(E)   Defendant shows that, notwithstanding any of the statements, assertions, definitions or preliminary instructions contained within Plaintiff's discovery requests, Defendant will provide responses which are required pursuant to the Federal Rules of Civil Procedure.

(F)   The information supplied in these responses to Plaintiff's discovery requests is not based solely upon the knowledge of the executing party, but includes knowledge of the party, its agents, its representatives and attorneys, unless privileged.

(G)   The word usage and sentence structure may be that of the attorney assisting in the preparation of the responses to Plaintiff's discovery requests and, thus, do not necessarily purport to be the precise language of the responding parties.

(H)   The objections asserted by Defendant below are asserted in good faith, based upon counsel's evaluation of Defendant's discovery obligations under the Federal Rules of Civil Procedure. Nevertheless, Defendant offers and stands ready to confer with Plaintiff's counsel in an effort to resolve or narrow, to the greatest extent possible, any dispute between the parties concerning Defendant's objections.

(I)   This preliminary statement is incorporated in each of the responses set forth below.

## GENERAL OBJECTIONS TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION

Defendant objects to the information sought in Plaintiff's discovery requests on the grounds that such discovery requests seek disclosure of Defendant's confidential and proprietary business information. Defendant further objects to these discovery requests to the extent that they seek the disclosure of information which would unduly invade the privacy rights of persons not party to this litigation or to whom Defendant has a duty of confidentiality. Defendant cannot release such information until and unless the Plaintiff complies with the applicable privacy and confidentiality statutes of the State of Georgia. *See* O.C.G.A. § 7-1-360.

Defendant objects to Plaintiff's discovery requests to the extent they seek the discovery of information prepared in anticipation of litigation or preparation for trial, protected by the work product privilege, attorney-client privilege or which information is beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. Defendant construes these discovery requests to exclude documents, information and communications exchanged with counsel in this litigation.

Defendant objects to Plaintiff's discovery requests as they seek information which is immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects to Plaintiff's discovery requests to the extent that they call for a conclusion of law.

Defendant objects to Plaintiff's discovery requests as many terms utilized are without definition and are capable of numerous interpretations. These discovery requests would have Defendant speculate at its detriment as to the definition of said terms and, therefore, Defendant cannot properly respond.

Defendant objects to the Plaintiff's instruction that these discovery requests are deemed to be continuing as going beyond the scope of Federal Rule of Civil Procedure 26(e). Defendant will supplement its answers, if required, in accordance with Federal Rule of Civil Procedure 26(e).

Defendant objects to the Plaintiff's definition of the word "control", and the Plaintiff's instruction concerning documents not in Defendant's possession, as overly broad, unduly burdensome and beyond the scope of Federal Rule of Civil Procedure 26.

Defendant objects to the time frame covered by these discovery requests as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant incorporates the foregoing General Objections into each and every response set forth below. Subject to, and without waiving the above and

foregoing objections, Defendant further objects and responds to Plaintiff's discovery requests as follows:

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Produce your entire file on David Brash including all emails and all chronological logs that show the details of communication with anyone regard to David Brash's file.

**RESPONSE:** Defendant objects to this request as vague, overly broad, unduly burdensome, seeking information already in the possession of Plaintiff David Brash, and is protected from disclosure by the Attorney-Client Privilege, Work-Product Doctrine, and as proprietary business information. Subject to and without waiving said objections, Defendant will produce all non-confidential documents responsive to this request in its possession, custody or control at a mutually convenient time and place.

This 29th day of May, 2010.

MCCALLA RAYMER, LLC

By: _____
W. Reese Willis, III
Georgia Bar No. 767067
Lisa K. Rose
Georgia Bar No. 614204
Emilie O. Denmark
Georgia Bar No. 185110

MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Telephone: (678) 281-6500
Facsimile: (678) 281-6501
eod@mccallaraymer.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served copies of the within and foregoing, Defendant's Responses and Objections to Plaintiff's First Request for Production to PHH Mortgage Corporation, d/b/a Coldwell Banker Mortgage by depositing a true and accurate copy of the same in the United States Mail in an envelope with adequate postage affixed, addressed as follows:

> Charles A. Gower
> Law Offices of Charles A. Gower
> 1425 Wynnton Road
> Post Office Box 5509
> Columbus, Georgia 31906

This 28th day of May, 2010.

MCCALLA RAYMER, LLC

By: _Lisa K. Rose_
Lisa K. Rose
Georgia Bar No. 614204
Emilie O. Denmark
Georgia Bar No. 185110

MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Telephone: (678) 281-6500
Facsimile: (678) 281-6501
eod@mccallraymer.com

1201742_1.DOC

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| **DAVID BRASH,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **4-09-cv-146** |
| **vs.** | ) | |
| | ) | |
| **PHH MORTGAGE CORPORATION,** | ) | |
| **d/b/a COLDWELL BANKER** | ) | |
| **MORTGAGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S RESPONSES AND OBJECTIONS
### TO PLAINTIFF'S FIRST INTERROGATORIES TO PHH MORTGAGE
### CORPORATION d/b/a COLDWELL BANKER MORTGAGE

COMES NOW, PHH MORTGAGE CORPORATION, d/b/a COLDWELL

BANKER MORTGAGE (hereinafter, "Defendant"), by and through its

undersigned counsel, and responds to Plaintiff's First Interrogatories to PHH

Mortgage Corporation d/b/a Coldwell Banker Mortgage (hereinafter, "Plaintiff's

discovery requests") as follows:

### PRELIMINARY STATEMENT

(A)   The following responses are based upon information presently

available to Defendant, which Defendant believes to be correct. Said responses are

made without prejudice to Defendant's right to utilize subsequently discovered

facts.

(B)     No incidental or implied admission of fact by Defendant is made by the responses below.  The only admissions are express admissions.  The fact that Defendant has answered any interrogatory, any request or produced any document herein may not properly be taken as an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such discovery request, or that such response constitutes admissible evidence.  The fact that Defendant has answered part or all of any request or any interrogatory or any request for production is not intended to and shall not be construed to be a waiver by Defendant of all or any part of any objection by Defendant to the admissibility of evidence at trial or the relevance of the response.

(C)     Neither the absence or limitation of any objection below, nor the absence of any statement below that Defendant has no information responsive to the requests or interrogatories, can or should be interpreted as an acknowledgment that Defendant has such information or has access to information which may be responsive to said requests or interrogatories.

(D)     The responses to the requests or interrogatories may be supplemented by Defendant's further investigation and acquisition of information which Defendant does not either possess or recall at this time.  However, any such further supplementation shall be made only in accordance with the Federal Rules of Civil Procedure.

(E)    Defendant shows that, notwithstanding any of the statements, assertions, definitions or preliminary instructions contained within Plaintiff's discovery requests, Defendant will provide responses which are required pursuant to the Federal Rules of Civil Procedure.

(F)    The information supplied in these responses to Plaintiff's discovery requests is not based solely upon the knowledge of the executing party, but includes knowledge of the party, its agents, its representatives and attorneys, unless privileged.

(G)    The word usage and sentence structure may be that of the attorney assisting in the preparation of the responses to Plaintiff's discovery requests and, thus, do not necessarily purport to be the precise language of the responding parties.

(H)    The objections asserted by Defendant below are asserted in good faith, based upon counsel's evaluation of Defendant's discovery obligations under the Federal Rules of Civil Procedure. Nevertheless, Defendant offers and stands ready to confer with Plaintiff's counsel in an effort to resolve or narrow, to the greatest extent possible, any dispute between the parties concerning Defendant's objections.

(I)    This preliminary statement is incorporated in each of the responses set forth below.

## GENERAL OBJECTIONS TO PLAINTIFF'S
## FIRST INTERROGATORIES

Defendant objects to the information sought in Plaintiff's discovery requests on the grounds that such discovery requests seek disclosure of Defendant's confidential and proprietary business information. Defendant further objects to these discovery requests to the extent that they seek the disclosure of information which would unduly invade the privacy rights of persons not party to this litigation or to whom Defendant has a duty of confidentiality. Defendant cannot release such information until and unless the Plaintiff complies with the applicable privacy and confidentiality statutes of the State of Georgia. *See* O.C.G.A. § 7-1-360.

Defendant objects to Plaintiff's discovery requests to the extent they seek the discovery of information prepared in anticipation of litigation or preparation for trial, protected by the work product privilege, attorney-client privilege or which information is beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. Defendant construes these discovery requests to exclude documents, information and communications exchanged with counsel in this litigation.

Defendant objects to Plaintiff's discovery requests as they seek information which is immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

4

Defendant objects to Plaintiff's discovery requests to the extent that they call for a conclusion of law.

Defendant objects to Plaintiff's discovery requests as many terms utilized are without definition and are capable of numerous interpretations.   These discovery requests would have Defendant speculate at its detriment as to the definition of said terms and, therefore, Defendant cannot properly respond.

Defendant objects to the Plaintiff's instruction that these discovery requests are deemed to be continuing as going beyond the scope of Federal Rule of Civil Procedure 26(e).  Defendant will supplement its answers, if required, in accordance with Federal Rule of Civil Procedure 26(e).

Defendant objects to the Plaintiff's definition of the word "control", and the Plaintiff's instruction concerning documents not in Defendant's possession, as overly broad, unduly burdensome and beyond the scope of Federal Rule of Civil Procedure 26.

Defendant objects to the time frame covered by these discovery requests as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant incorporates the foregoing General Objections into each and every response set forth below.   Subject to, and without waiving the above and

foregoing objections, Defendant further objects and responds to Plaintiff's discovery requests as follows:

## INTERROGATORIES

### 1.

Please state the facts upon which your "first defense" in your answer is based.

**RESPONSE:** Defendant objects to this interrogatory as vague and seeks information that is protected by the Work-Product Doctrine. Subject to and without waiving said objections, Defendant states that its registered agent is located within the Northern District of Georgia.

### 2.

Please state the facts upon which your "third defense" in your answer is based.

**RESPONSE:** Defendant objects to this interrogatory as vague and seeks information that is protected by the Work-Product Doctrine. Subject to and without waiving said objections, Defendant states that some time after the consummation of the loan, Plaintiff elected to submit his monthly payment obligations via automatic military allotment. Plaintiff's mortgage payment for the month of May, 2009, was submitted to the Defendant, via automatic military allotment. That payment was identified by the automatic military allotment for a

different mortgage account and did not property reference Plaintiff's mortgage account.   On May 22, 2009, Defendant informed Plaintiff of this fact and Defendant advised Plaintiff to contact the office responsible for the automatic military allotment to correct this issue.   Defendant subsequently applied the incorrectly identified May, 2009 payment to Plaintiff's account.   There were no late fees or derogatory credit reporting associated with the May 2009 payment.

Plaintiff's mortgage payment for the month of October, 2009 was also submitted to the Defendant, via automatic military allotment.  That payment also was identified by the automatic military allotment for a different mortgage account and did not properly reference Plaintiff's mortgage account.    Defendant subsequently applied the incorrectly identified October 2009 payment to Plaintiff's mortgage account in November 2009.  The late fees associated with the October 2009 payment were waived in November 2009.  The credit reporting associated with the October 2009 was retracted in December 2009.

3.

Please state the facts upon which your "fourth defense" in your answer is based.

**RESPONSE:**  Defendant objects to this interrogatory as vague and seeks information that is protected by the Work-Product Doctrine.   Subject to and

7

without waiving said objections, Defendant states *see* Response to Interrogatory No. 2.

4.

Please state the facts upon which your "fifth defense" in your answer is based.

**RESPONSE:** Defendant objects to this interrogatory as vague and seeks information that is protected by the Work-Product Doctrine. Subject to and without waiving said objections, Defendant states *see* Response to Interrogatory No. 2.

5.

Please state the facts upon which your "sixth defense" in your answer is based.

**RESPONSE:** Defendant objects to this interrogatory as vague and seeks information that is protected by the Work-Product Doctrine. Subject to and without waiving said objections, Defendant states *see* Response to Interrogatory No. 2.

6.

Please state the facts upon which your "seventh defense" in your answer is based.

**RESPONSE:** Defendant objects to this interrogatory as vague and seeks information that is protected by the Work-Product Doctrine.   Subject to and without waiving said objections, Defendant states *see* Response to Interrogatory No. 2.

7.      **[misnumbered as number 6 in request]**

Please state the facts upon which your "eighth defense" in your answer is based.

**RESPONSE:**  Defendant objects to this interrogatory as vague and seeks information that is protected by the Work-Product Doctrine.   Subject to and without waiving said objections, Defendant states *see* Response to Interrogatory No. 2.

8.      **[misnumbered as number 6 in request]**

Please state the facts upon which your "ninth defense" in your answer is based.

**RESPONSE:**  Defendant objects to this interrogatory as vague and seeks information that is protected by the Work-Product Doctrine.   Subject to and without waiving said objections, Defendant states *see* Response to Interrogatory No. 2.

This 28th day of May, 2010.

MCCALLA RAYMER, LLC

By: _Lisa K. Rose_
Lisa K. Rose
Georgia Bar No. 614204
Emilie O. Denmark
Georgia Bar No. 185110

MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Telephone: (678) 281-6500
Facsimile: (678) 281-6501
eod@mccallaraymer.com

10

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served copies of the within and foregoing, Defendant's Responses and Objections to Plaintiff's First Interrogatories to PHH Mortgage Corporation, d/b/a Coldwell Banker Mortgage by depositing a true and accurate copy of the same in the United States Mail in an envelope with adequate postage affixed, addressed as follows:

> Charles A. Gower
> Law Offices of Charles A. Gower
> 1425 Wynnton Road
> Post Office Box 5509
> Columbus, Georgia 31906

This 28th day of May, 2010.

MCCALLA RAYMER, LLC

By: _____
Lisa K. Rose
Georgia Bar No. 614204
Emilie O. Denmark
Georgia Bar No. 185110

MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Telephone: (678) 281-6500
Facsimile: (678) 281-6501
eod@mccallraymer.com

1205476_1.DOC

11

# Exhibit
# 3

# Charles A. Gower, P.C.

A T T O R N E Y S   A T   L A W

1425 WYNNTON ROAD
POST OFFICE BOX 5509
COLUMBUS, GEORGIA 31906
www.cagower.com

Charlie Gower
charlie@cagower.com

Telephone: 706-324-5685
Facsimile: 706-322-2964

June 1, 2010

Lisa K. Rose, Esq.
Emilie O. Denmark, Esq.
McCalla Raymer, LLC
Six Concourse Parkway
Suite 3200
Atlanta, Georgia 30328

> Re:   *David Brash v. PHH Mortgage Corporation, d/b/a Coldwell Banker Mortgage*
> **In the Middle District of Georgia**
> **Civil Action File No.: 4:09-CV-146**

Dear Ms. Rose:

We wish to address our concerns regarding Defendant's responses and objections to Plaintiff David Brash's First Continuing Requests for Production and First Continuing Interrogatories dated February 11, 2010 and February 15, 2010, respectively. This letter is made in an attempt to confer in good faith pursuant to Federal of Civil Procedure Rule 37 about Defendant's "responses" to Plaintiffs' discovery requests. Plaintiff must have a response to this letter within five (5) business days in order to know whether a Motion to Compel will be necessary.

Defendant has objected to and refused to properly respond to the majority of Plaintiff's first set of discovery requests on the grounds that Plaintiff's requests are "vague," "overly broad," "unduly burdensome," and "seek information protected by the Work-Product Doctrine" and/or "the Attorney-Client Privilege." (*See* Def's Resps. to Plaintiff's First Continuing Interrogatories and First Requests for Production).

Regarding your "objections," we would like to point out that simply stating a boilerplate objection that a discovery request is overly broad, ambiguous, vague or unduly burdensome, "without specifically stating how it is so, is not a legitimate objection to discovery." *Williams v. Taser Int'l, Inc.,* 2007 U.S. Dist. LEXIS 40280, *2 (N.D. Ga. June 4, 2007) (citing *United States CFTC v. Am. Derivatives Corp.*, 2007 U.S. Dist. LEXIS 23681(N.D. Ga. Mar. 30, 2007)); *see Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). "Rather, objections to discovery requests must be sufficiently plain and specific to allow the Court to understand precisely how the challenged discovery requests are alleged to be objectionable." *Williams*, 2007 U.S. Dist.

LEXIS 40280 at *3 (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985)).

In addition, we would also like to remind Defendant that it is improper to make objections based on unverifiable claims of privilege. *Williams*, 2007 U.S. Dist. LEXIS 40280 at *13. All privilege and work product objections must be accompanied by a privilege log and information supporting the privilege/work product claim. *Fed. R. Civ. P. 26(b)(5)(A)*. Failure to fully comply with the privilege log requirements specifically laid out in Rule 26 (b)(5)(A) may "result in the waiver of any claim of privilege or other protection." *Williams*, 2007 U.S. Dist. LEXIS 40280 at *13.

Instead of offering a proper response to *each* of Plaintiff's Interrogatories, Defendant ambiguously refers Plaintiff to Defendant's response to Plaintiff's Interrogatory No. 2. As such, Plaintiff is left to wonder exactly which alleged facts in Defendant's response to Plaintiff's Interrogatory No. 2 support Defendant's defenses Nos. 4, 5, 6, 7, 8 and 9.

Defendant has also ***completely ignored*** Plaintiffs' Requests for Production of Documents and instead has offered to produce such information at a later, unidentified time and date. As Defendant should be well aware, the Federal Rules of Civil Procedure governing the production of documents do not support a mere promise to produce requested documents at some unidentified time in the future, without offering a specific time, place and manner and is not a complete answer and will be treated pursuant to Rule 37(a)(4) as a failure to respond. Fed. R. Civ. P. 34(b); Fed. R. Civ. P. 37(a)(4). Plaintiff has been very gracious in granting Defendant numerous extensions over the last four months to appropriately respond to Plaintiff's first discovery requests. The only reason Plaintiff's counsel repeatedly agreed to grant Defendant extension after extension was because Defendant's counsel continually represented to Plaintiff that Defendant was making a good faith attempt to fully respond. Instead, it is evident that Defendant improperly used the numerous extensions Plaintiff generously afforded Defendant to blatantly impede the discovery process. As Defendant has had plenty of time to appropriately respond to Plaintiffs' requests, Defendant's current "responses" are unacceptable.

Therefore, since Defendant has asserted merely boilerplate objections and unsupported privilege/work product claims, and essentially refused to respond to Plaintiffs' requests for production, Defendant remains under a duty to provide complete responses to Plaintiffs' discovery requests.

This letter represents our initial attempt to "meet and confer" about this problem. Absent definitive and satisfactory response, and your withdrawing your responses and substituting proper responses, we will have no choice but to file a motion to compel. Please note that we are giving Defendant an opportunity to remedy this situation despite the fact that as to much of our discovery, Defendant's failure to respond is, in truth, a complete failure to respond.

We look forward to hearing from you concerning Defendant's responses to Plaintiff David Brash's first set of discovery requests and to receiving full and complete responses thereto.

Please provide full responses to Plaintiff's discovery requests within five (5) business days.

Thank you.

Cordially,

CHARLES A. GOWER