IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DAVID BRASH,          )  | |
|                      )  | |
|     Plaintiff        )  | |
|                      )   | 4-09-cv-146 |
| vs.                  )  | |
|                      )  | |
| PHH MORTGAGE CORPORATION, ) | |
| d/b/a COLDWELL BANKER )  | |
| MORTGAGE,            )  | |
|                      )  | |
|     Defendant.       )  | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**

COMES NOW, Defendant PHH Mortgage Corporation d/b/a Coldwell Banker Mortgage ("Defendant" or "PHH") in the above-styled action, by and through its undersigned counsel, and files this its Response to Plaintiff David Brash's ("Plaintiff") Motion to Compel Responses to Discovery Requests ("Motion to Compel"), respectfully showing the Court as follows:

**I.   INTRODUCTION**

Plaintiff's Motion to Compel is a document that is replete with inflammatory and unsupported accusations that Defendant has failed to fully respond to Plaintiff's requests for written discovery. In reality, Defendant has responded to Plaintiff's discovery requests as fully, completely, and

quickly as possible while keeping Plaintiff informed of its ongoing efforts to respond to Plaintiff's overly broad and objectionable discovery requests. Because Defendant now has produced all relevant, non-privileged, and non-confidential documents in its possession, custody and control, and because Plaintiff's Motion to Compel is insufficient on its face, the Motion should be denied.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

On December 1, 2009, Plaintiff filed a Complaint against Defendant raising claims for: (1) a violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"); (2) breach of contract; (3) negligence; and (4) for attorneys' fees and costs and punitive damages. (*See generally* Doc. No. 1, Compl.)  This action generally pertains to Plaintiff's residential mortgage loan account, for which Defendant is the loan servicer, and Plaintiff's allegations that his loan account has been improperly serviced by Defendant. (*See generally id.*)  Defendant timely answered the Complaint on December 31, 2009. (*See generally* Doc. No. 6, Answer.)

On February 11, 2010, Plaintiff served upon Defendant Plaintiff's First Request for Production to PHH Mortgage Corporation, d/b/a Coldwell Banker Mortgage ("Request for Production").  A true and correct copy of the Request for Production is attached and incorporated herein as Exhibit A.

The only Request included in the Request for Production was as follows: "Produce your entire file on David Brash including all emails and all chronological logs that show the details of communications with anyone with regard to David Brash's file." (*See* Ex. A, Request No. 1.)

Upon the request of Defendant, Plaintiff consented to an extension of time in which Defendant could respond to Plaintiff's Request for Production through and including March 30, 2010. (*See* Doc. No. 13, Joint Stip. for Extension of Time.) On March 29, 2010, Plaintiff informally consented to a one month extension of time in which Defendant could respond to Plaintiff's Request for Production via e-mail. A true and correct copy of the e-mail exchange reflecting this extension is attached and incorporated herein as Exhibit B.

On May 4, 2010, Defendant produced to Plaintiff a report entitled "Customer Account Activity Statement" for Plaintiff's loan account, along with a "Transaction Code Sheet" to assist in reading the Customer Account Activity Statement. A true and correct copy of this production is attached and incorporated herein as Exhibit C. On May 17, 2010, Defendant advised Plaintiff that it was working towards completing final responses to Plaintiff's requests for written discovery to Defendant. A true and correct copy of the e-mail exchange reflecting this communication is attached and

incorporated herein as Exhibit D.  Defendant again advised Plaintiff of the status of the preparation of Defendant's discovery responses on May 25, 2010, and May 27, 2010.  True and correct copies of the e-mail exchanges reflecting these communications are attached and incorporated herein as Exhibits E and F, respectively.

On May 28, 2010, Defendant served upon Plaintiff Defendant's Responses and Objection to Plaintiff's First Request for Production to PHH Mortgage Corporation, d/b/a Coldwell Banker Mortgage ("Discovery Response").  A true and correct copy of Defendant's Discovery Response is attached and incorporated herein as Exhibit G.  Defendant objected to Plaintiff's sole Request for Production as vague, overly broad, unduly burdensome, seeking information already in Plaintiff's possession, and seeking information that is protected from disclosure by the Attorney-Client Privilege, Work-Product Doctrine, and as proprietary business information.  (*See* Ex. G, Response No. 1.)  Nonetheless, on June 4, 2010, Defendant produced to Plaintiff its non-privileged responsive documents.  A true and correct copy of the correspondence accompanying that production is attached and incorporated herein as Exhibit H.

On June 8, 2010, Plaintiff requested a supplement to Defendant's Discovery Response, specifically requesting the following: (1) "A code key

for Defendant's 'Consolidated Note Log'"; (2) "The transcripts for all phone calls between Plaintiff and Defendant"; (3) "Any documentation and/or records related to Defendant's receipt of Plaintiff's payment each month from the military allotment"; and (4) "A copy of the 'letter of apology' referenced in Defendant's 'Consolidated Note Log' on 06/29/2009 and 078/01/09".  A true and correct copy of Plaintiff's request for supplemental responses is attached and incorporated herein as Exhibit I.  That same day, Defendant advised Plaintiff that it was gathering the additional documents requested by Plaintiff.  A true and correct copy of the e-mail exchange reflecting this communication is attached and incorporated herein as Exhibit J.  On June 15, 2010, and June 28, 2010, Defendant advised Plaintiff of the status of Defendant's preparation of supplemental discovery responses.  True and correct copies of the e-mail exchanges reflecting these communications are attached and incorporated herein as Exhibit K and L, respectively.  Later on June 28, 2010, immediately upon receipt of supplemental discovery documents from Defendant, Defendant's counsel forwarded those supplemental documents to Plaintiff.  A true and correct copy of this supplemental production is attached and incorporated herein as Exhibit M.  Thereafter, Defendant continued to proceed in good faith and

attempt to make available to Plaintiff the additional documents requested by Plaintiff as quickly as possible.

On August 5, 2010, Plaintiff filed the instant Motion to Compel, requesting the same supplemental documents that were requested on June 8, 2010.  (*Compare* Ex. I *to* Mot. to Compel at p. 3-4.)  On August 25, 2010, Defendant served upon Plaintiff additional discovery documents via overnight mail.  A true and correct copy of the cover letter accompanying those additional discovery documents is attached and incorporated herein as Exhibit N (the "August 25, 2010 Letter").  In the August 25, 2010 Letter, Defendant advised Plaintiff that some of the supplemental discovery documents Plaintiff requests are not in existence or were irrelevant, not likely to lead to the discovery of admissible evidence, and contained privileged information.  (*See* Ex. N at p. 2-3.)  Defendant now responds to Plaintiff's Motion to Compel.

### III.  ARGUMENT AND CITATION OF AUTHORITIES

Although Plaintiff cites no authority to support his Motion to Compel, presumably, his motion was filed pursuant to Federal Rule of Civil Procedure 37(a)(3)(B).  This rule provides, in pertinent part, "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if:…(iv) a

party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed.R.Civ.P. 37(a)(3)(B).  Such a motion, however, "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37(a)(1).

This Court's local rules provide that "[m]otions to compel…discovery will not be considered unless they contain a statement certifying that movant has in good faith conferred or attempted to confer with the opposing party in an effort to secure the information without court action."  M.D. Ga. R. 37; *see also Huley v. Massee*, No. 5:07-CV-56(HL), 2007 U.S. Dist. LEXIS 61189 (M.D. Ga. Aug. 21, 2007) ("The plaintiff's motions to compel discovery do not come with any showing that the plaintiff has made a good faith effort to obtain the requested information without the assistance of the court, as required by Local Rule 37.  Accordingly the plaintiff's motions to compel are DENIED") (footnote omitted).  In the instant case, Plaintiff's Motion to Compel does not include a "certification" of Plaintiff's "good faith" effort to resolve this matter prior to filing the Motion to Compel, and thus, is insufficient on its face. (*See generally* Mot. to Compel.)

More importantly, not only is Plaintiff's Motion to Compel insufficient on its face, but this response and the attached exhibits demonstrate that Defendant has strived to comply with its duty to proceed with discovery in good faith. Plaintiff's Motion is replete with accusations that Defendant's responses to Plaintiff's request for written discovery were "*anything but responsive*", "consisted of nothing but bald, boilerplate objections and/or promises", "'cherry-picked' from [Defendant's] file on Plaintiff's account", and that Defendant's actions in the discovery process were "designed to frustrate discovery and delay the progression of this case." (*See* Mot. to Compl. at p. 2-3) (emphasis in original).

The exhibits attached to this response, however, clearly evidence that Defendant has produced all documents responsive to Plaintiff's Request for Production and supplemental requests. For example, Defendant produced to Plaintiff documents responsive to Plaintiff's Request for Production on May 4, 2010, June 4, 2010, June 28, 2010, and August 25, 2010. (*See* Exs. C, H, M, N.) Additionally, the supplemental discovery documents produced to Plaintiff on August 25, 2010, render Plaintiff's Motion to Compel moot, such that it must be denied. Moreover, Defendant acted in good faith by keeping Plaintiff advised of its ongoing attempts to gather the additional

documents requested throughout the discovery period.  (*See* Exs. B, D-F, J-L.)

Defendant acted in this manner despite its valid objections to Plaintiff's overly broad Request for Production.  Plaintiff accuses Defendant of asserting boilerplate objections to Plaintiff's Request for Production.  (*See* Mot. to Compel at p. 2.)  Plaintiff's inflammatory allegation is unsupported.  Defendant's objections to Plaintiff's Request for Production are valid.  Plaintiff's request that Defendant produce "its entire file" on Plaintiff's loan account with Defendant clearly is overly broad and vague, given that Plaintiff's claims against Defendant are narrowed to an alleged RESPA violation, breach of contract, and negligence.  (*See* Ex. A, Request No. 1; *see also* Compl.)  Plaintiff made no effort to narrow his requests to a time-frame relevant to the instant litigation or the evidence Plaintiff seeks that may be relevant to Plaintiff's claims against Defendant.  Rather, Plaintiff, who initiated this action, places all of the burden on Defendant to produce "its entire file" without regard to the relevancy or confidentiality of such documents.  Additionally, if Defendant was to produce "its entire file" on Plaintiff's loan account, Defendant would, indeed, be producing documents that are protected from disclosure pursuant to the Attorney-Client Privilege, Work-Product Doctrine, and as proprietary business information.

Defendant's objections to Plaintiff's broad Request for Production of Documents are valid objections to what is, <u>at best</u>, a poorly drafted request, as certified by Defendant's counsel's signature to the Discovery Responses. *See* Fed.R.Civ.P. 11(a)-(b); *see also* Fed.R.Civ.P. 34(b)(1)(A) (setting forth that a request to produce documents "must describe with reasonable particularity each item or category of items to be inspected").

## IV.   CONCLUSION

In summary, nothing in Plaintiff's Motion to Compel demonstrates that Defendant has acted "to frustrate discovery and delay the progression of this case." (*See* Mot. to Compl. at 3.)  Defendant also has strived to keep Plaintiff informed of the status of the preparation of its Discovery Response and supplemental responses.  More importantly, Defendant has fulfilled its duty of producing to Plaintiff <u>all</u> relevant, non-privileged, non-confidential documents in its possession, custody, or control as quickly as possible. *See* Fed.R.Civ.P. 26(b)(1); *see generally* Fed.R.Civ.P. 34(b)(2).  Accordingly, Plaintiff's Motion to Compel should be denied as moot.

Respectfully submitted this 27th day of August, 2010.

MCCALLA RAYMER, LLC


By:   /s/ Emilie O. Denmark
      W. REESE WILLIS

                Georgia State Bar No. 767067
                LISA K. ROSE
                Georgia State Bar No. 614204
                Emilie O. Denmark
                Georgia State Bar No. 185110
                *Attorneys for Defendant*

McCALLA RAYMER, LLC
Six Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
(678) 281-6500 (Telephone)
(678) 281-6501 (Facsimile)

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel for Defendant, do hereby certify that I have this day electronically filed the within and foregoing with the Clerk of Court using CM/ECF system that will automatically send email notification of such filing to the attorneys of record, each of whom is a registered participant in the Court's electronic notice and filing system and each of whom may access said filing via Court's CM/ECF system.

This 27th day of August, 2010.

By: /s/ Emilie O. Denmark
W. REESE WILLIS
Georgia State Bar No. 767067
LISA K. ROSE
Georgia State Bar No. 614204
Emilie O. Denmark
Georgia State Bar No. 185110
*Attorneys for Defendant*

MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Telephone: (678) 281.6500
Facsimile: (678) 281.6501

1162895_1.DOC