IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DAVID BRASH, | ) |
|    Plaintiff | ) |
| vs. | ) 4-09-cv-146 |
| PHH MORTGAGE CORPORATION, d/b/a COLDWELL BANKER MORTGAGE, | ) |
|    Defendant. | ) |

## AFFIDAVIT OF PHH MORTGAGE CORPORATION

Personally appeared before the undersigned notary public, duly authorized to administer oaths, came Kim Johnston, who, having been duly sworn, deposes and states as follows:

1.

I am of legal age and suffer under no legal disability that might affect my competence to testify.

2.

I am the manager of cash management for Servicing at PHH Mortgage Corporation, d/b/a Coldwell Banker Mortgage ("PHH"), Defendant in the above-styled action, in charge of the operations into and through which payments are

received and credited to borrowers' accounts, fully familiar with the operation thereof.

3.

I make this Affidavit fully familiar with the facts forming the basis of the statements made herein upon my personal knowledge and review of the business books and records formulated, maintained and relied upon in the day to day business of the PHH Mortgage Corporation, and particularly upon my review of the payment and cash management records of PHH Mortgage Corporation related to David Brash ("Plaintiff").

4.

This Affidavit is given in support of Defendant's Responses and Objections to Plaintiff's First Request for Production to PHH Mortgage Corporation, d/b/a Coldwell Banker Mortgage, and this Court's Order granting Plaintiff's Motion to Compel Responses to Discovery Requests entered orally on September 16, 2010 (the "Order").

5.

It is my understanding, based on information received from PHH's counsel of record in this case, that Order provides as follows. PHH must produce its entire file related to Plaintiff's loan account, including but not limited to:

2

a. Transcripts or recordings "for any phone calls between Mr. Brash and any PHH Mortgage/Coldwell Banker representative" and "any phone calls [PHH has had], not just directly with Mr. Brash, but any phone calls [PHH has had] with anyone regarding Mr. Brash's account" (the "Phone Calls");

b. "A full and complete consolidated note log regarding the handling of the plaintiff's account" and "a code key to go along with that consolidated note log so that the plaintiff's counsel, or anybody else looking at it, can reasonably interpret the note log" (the "Consolidated Note Log");

c. "Any receipt, notice, or other type of documentation or – written or electronic or otherwise – that you receive – that the defendant receives each month concerning plaintiff's military allotment payment" (the "Notice of Payment");

d. A "copy of the apology letter, if one exists, to the plaintiff, which is referenced on June 29, 2009, and July 1, 2009" or an explanation of the "reference to an apology letter in the partial consolidated note log" (the "Apology Letter(s)");

e. "Any other non-privileged chronological logs or records that show the details of communication with anyone regarding plaintiff's account" ("Other Records"); and

  f. "Any other documentary documents that [PHH has] relating to this Plaintiff" ("Other Documents"). (*See* Transcript of Sept. 16, 2010 Motion Hearing at pp. 6-15.)

6.

In response to the requests for records related to Phone Calls, on June 4, 2010, PHH produced to Plaintiff a transcript prepared by PHH's counsel of record in this case of a phone conversation by and between a representative of PHH and Plaintiff occurring on May 22, 2009. On September 16 and 17, 2010, PHH produced to Plaintiff three (3) compact disks containing recordings of other phone conversations by and between a representative of PHH and Plaintiff or an individual calling on Plaintiff's behalf. These disks were redacted to exclude recordings of phone conversations by and between representatives of PHH and other individuals regarding loan accounts unrelated to the instant litigation and Plaintiff's loan account.

7.

PHH has conducted an extensive search of its records and is unable to locate any additional Phone Calls related to Plaintiff's loan account.

8.

In response to the request for a complete Consolidated Note Log, on June 4, 2010, PHH produced to Plaintiff a partial Consolidated Note Log which detailed

4

activity on Plaintiff's loan account from November 1, 2007, to December 19, 2009. On August 25, 2010, PHH produced to Plaintiff a partial Consolidated Note Log which detailed activity on Plaintiff's loan account from May 6, 2009, to November 13, 2009, which was redacted to exclude only information regarding other loan accounts unrelated to the instant litigation and Plaintiff's loan account. *See* O.C.G.A. § 7-1-360. On September 16, 2010, Plaintiff's counsel was given the opportunity to review an unredacted version of a partial Consolidated Note Log which detailed activity on Plaintiff's loan account from November 20, 2009, to June 17, 2010. The partial Consolidated Note Log detailing activity on Plaintiff's loan account from November 20, 2009, to June 17, 2010, was produced to Plaintiff on September 17, 2010, which was redacted only to exclude information indicating correspondence between PHH and PHH's counsel for this litigation pursuant to the Attorney-Client Privilege and Work Product Doctrine. Thus, PHH has produced to Plaintiff a full and complete Consolidated Note Log regarding PHH's handling of Plaintiff's loan account for the time period November 1, 2007, through June 17, 2010.

9.

To the extent Plaintiff contends that the Consolidated Note Log is illegible, a copy of the Consolidated Note Log printed as it appears on September 30, 2010,

from PHH's current system as well as an archived copy of the Consolidated Note Log, are attached hereto as Exhibit A.

10.

In response to the request for a code key to assist in the interpretation of the Consolidated Note Log, as explained to Plaintiff's counsel on August 25, 2010, via written correspondence, no such code key exists. The only additional information PHH has to assist in the interpretation of the Consolidated Note Log is a list of User Identifications reflecting individuals who entered notes on the Consolidated Note Log. The list of User Identifications was produced to Plaintiff on August 25, 2010.

11.

As to the requests for records of the Notice of Payment, on August 25, 2010, PHH produced to Plaintiff Notice of Payments indicating PHH's receipt of Plaintiff's monthly loan payment from the military allotment office for the months of January 2009, February 2009, March 2009, April 2009, May 2009, June 2009, July 2009, August 2009, September 2009, October 2009, and November 2009. On September 16, 2010, PHH produced to Plaintiff Notice of Payments indicating PHH's receipt of Plaintiff's monthly loan payment from the military allotment office for the months of February 2008, March 2008, April 2008, May 2008, June

2008, July 2008, August 2008, September 2008, October 2008, November 2008, December 2008, and January 2009.

12.

Attached hereto as Exhibit B are the Notice of Payments indicating PHH's receipt of Plaintiff's monthly loan payment from the military allotment office for the months December 2009 to the most recent payment submitted on Plaintiff's loan account. Attached hereto as Exhibit C is a copy of the payment submitted for the month of January 2008.

13.

As to the requests for the Apology Letter(s), on August 25, 2010, PHH produced to Plaintiff correspondence by and between PHH and Plaintiff that PHH had within its possession, custody and control. This collection of correspondence did not include an Apology Letter dated June 29, 2009, or July 1, 2009, which were referenced in the Consolidated Note Log. On September 14 through 15, 2010, PHH internally investigated the references to the apology letters on its Consolidated Note Log. This investigation included interviewing the two (2) PHH employees who made the entries on the Consolidated Note Log referencing an apology letter. After the employees reviewed any notes they maintained on Plaintiff's loan account as to why an entry was made referencing an apology letter, these employees could not locate any additional information on the entries

7

referencing apology letters, nor could they locate a copy of any Apology Letter(s) sent to Plaintiff.

14.

It is my understanding that the use of the characterization of Apology Letter(s) in PHH's notes system refers to a non-standardized letter which is prepared by a text writing program. To the extent that any Apology Letter(s) were prepared with regard to Plaintiff's account, no copy of any Apology Letter(s) appears to have been retained either in PHH's file related to Plaintiff's loan account and/or in PHH's notes system beyond the reference to Apology Letter(s) in PHH's notes system.

15.

As to requests for Other Records and Other Documents regarding PHH's file for Plaintiff's loan account, PHH has no Other Records or Other Documents regarding Plaintiff's loan account in its physical file related to Plaintiff's loan account. PHH has conducted an extensive search of the records maintained with regard to Plaintiff's loan account. PHH has been unable to locate any additional Other Records and Other Documents in its software system related to Plaintiff's loan account that have not already been produced to Plaintiff.

16.

Accordingly, PHH has acted in good faith and has fully complied with this Court's Order and fully responded to Plaintiff's First Request for Production to PHH Mortgage Corporation, d/b/a Coldwell Banker Mortgage.

[SIGNATURE ON FOLLOWING PAGE]

FURTHER, AFFIANT SAITH NOT.

This  1st  day of October, 2010.

By: *Kim Johnston*
Name: Kim Johnston
Title: Manager

PHH Mortgage Corporation

Sworn to me and subscribed before me this __1__ day of October, 2010.

_____
NOTARY PUBLIC

My Commission Expires:

ROBERT J. WELDEN
NOTARY PUBLIC
STATE OF NEW JERSEY
COMMISSION EXPIRES 02/25/2013

[NOTARY SEAL]



10