# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

**DAVID BRASH,**

      **Plaintiff,**

**v.**

**PHH MORTGAGE CORPORATION,**
**d/b/a COLDWELL BANKER**
**MORTGAGE,**

      **Defendant.**

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

**CIVIL ACTION**
**FILE NO.: <u>4:09-CV-146</u>**

## PLAINTIFF'S REQUESTED JURY CHARGES

COMES NOW the Plaintiff, David Brash, and requests that the Court give

the following jury instructions, numbered 1 through <u>23</u> , to the jury.

This <u>24</u> of <em>January</em> , 2011.

Respectfully submitted,

CHARLES A. GOWER, PC

<u>/s/ Charles A. Gower</u>
Charles A. Gower
Georgia Bar No. 303500

Post Office Box 5509
Columbus, GA 31906
(706) 324-5685

## CHARGE NO. 1

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may only act through people as its employees. And, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Certain exhibits were admitted into evidence during the trial which had portions of them highlighted with a yellow marker by Plaintiff's attorney. You should not allow the fact that certain information is highlighted influence your consideration of all of the evidence in this case. Just because Plaintiff's counsel highlighted a portion of a particular exhibit does not mean that you should give that evidence more weight than any other evidence. The mere fact that it is highlighted should not add to or detract from the weight you give to it. You should consider it along with all of the other evidence without regard to the fact that it may have been highlighted with yellow marker.

Source: Charge No. 1 in Toddie v. GMAC Mortgage, Case No. 4:08-CV-02 (CDL).

# CHARGE NO. 2

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

Source: Charge No. 2 in <u>Toddie v. GMAC Mortgage</u>, Case No. 4:08-CV-2 (CDL).

# CHARGE NO. 3

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has do to with an important fact or with only an unimportant detail.

Source: Charge No. 3 in <u>Toddie v. GMAC Mortgage</u>, Case No. 4:08-CV-2 (CDL).

## CHARGE NO. 4

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence". This is sometimes called the "burden of proof" or the burden of persuasion".

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

Source: Charge No. 4 in Toddie v. GMAC Mortgage, Case No. 4:08-CV-2 (CDL).

## **CHARGE NO. 5**

In this case, Plaintiff makes separate claims against the Defendant. You should consider each of Plaintiff's claims separately. The three claims are for (1) violation of a federal law called RESPA – which stands for the Real Estate Settlement Procedure Act, (2) breach of contract, and (3) negligence.

## CHARGE NO. 6

The first claim for your consideration is Plaintiff's claim that the Defendant violated two separate provisions of RESPA. Plaintiff contends that the Defendant violated the RESPA provisions that require a loan servicer to respond to borrower inquiries. Under RESPA, a "servicer of a federally related mortgage loan" that receives a "qualified written request" from a borrower for information relating to the servicing of the loan must (1) acknowledge receipt of the request within twenty business days and (2) take any necessary action within sixty business days. 12 U.S.C. § 2605 (e).

A "qualified written request" must enable the loan servicer to identify "the name and account of the borrower" and must include "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower". 12 U.S.C. § 2605 (e) (1) (B).  In response to a qualified written request, the loan servicer must "make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction". 12 U.S.C. § 2605 (e) (2) (A).

The servicer must also conduct an investigation and provide the borrower with a written explanation or clarification that includes, "to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer". 12 U.S.C. § 2605 (2) (B) (i).

If a servicer fails to comply with RESPA, the borrower may recover "any actual damages to the borrower as a result of the failure". 12 U.S.C. § 2605 (f) (1) (A).

## **CHARGE NO. 7**

### RESPA

In this case, David Brash's attorney, Charles A. Gower, sent two letters that were "qualified written requests" to Coldwell Banker, the letter dated June 22, 2009 and the letter dated October 23, 2009.

It is undisputed that Coldwell Banker did not send to David Brash a written response within sixty business days as required by law. 12 U.S.C. § 2605 (e) (2) (A).  I therefore direct that you are to find for the Plaintiff on this claim and award such damages as are appropriate. Later I will charge you on the measure of damages on this claim.

# **CHARGE NO. 8**

## RESPA

Another requirement of RESPA is that during the sixty day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment owed by such borrower relating to such period to a credit reporting agency. 12 U.S.C. § 2605 (e) (2) (3).

The Plaintiff asserts that the Defendant also violated this provision of RESPA by reporting him to the credit bureau when they should not have done so.

## CHARGE NO. 9

Plaintiff's second claim that you must consider is his claim for breach of contract. Plaintiff alleges that Defendant breached the terms of its contract with Plaintiff – which consists of the promissory note and security deed – by not properly crediting his loan payments. Defendant denies that it breached its contract with Plaintiff.

If you decide that Defendant did not comply with the terms of the contract, then you must next determine whether Plaintiff suffered damages "as a proximate or legal result" of Defendant's failure to comply with the terms of the contract. For damages to be the proximate or legal result of a breach of contract, Plaintiff must show that, except for Defendant's breach of contract, the damages would not have occurred. I will charge you in a moment on what you may consider in determining the amount of damages Plaintiff should recover, if any.

Source: Adapted from Charge No. 7 in Toddie v. GMAC Mortgage, Case No. 4:08-CV-02 (CDL) in this court.

## CHARGE NO. 10

Plaintiff's third claim that you must consider is his claim for negligence by the Defendant.

Negligence means the absence of or the failure to use that degree of care that is used by ordinary careful persons under the same or similar circumstances.

Source: Adapted from 60.010, 5th Edition, Pattern Jury Instructions.

# **CHARGE NO. 11**

### Negligence: One Act Sufficient

The Plaintiff must prove that the Defendant was negligent in one or more ways in order to recover on his claim of negligence against the Defendant. it is not necessary for the Plaintiff to prove that the Defendant was negligent in every way that the Plaintiff claims.

Source: Adapted from 60.060, 5th Edition, Pattern Jury Instructions.

## CHARGE NO. 12

I will now charge you on damages. You will only reach the issue of damages if you find that Plaintiff has proven by a preponderance of the evidence the facts necessary to prevail on one or more of his claims as I have previously explained to you.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

Plaintiff seeks the following types of damages: emotional distress damages, general damages and other compensatory damages proximately caused by Defendant's conduct, and punitive damages.

I am first going to explain to you the law regarding emotional distress damages. Emotional distress includes highly unpleasant mental reactions such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. Although any damages you award Plaintiff for

his emotional distress must not be based on speculation or guesswork, no evidence of the value of such intangible things as emotional and mental anguish need to be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence and based upon the enlightened conscience of fair and impartial jurors.

You can only award emotional distress damages if you find in favor of Plaintiff on his claim for violation of RESPA or if you find that the Defendant acted under a reckless disregard to the rights of Plaintiff as such is equivalent to intentional misconduct. You may not award emotional distress damages on Plaintiff's breach of contract claim.

Source: Adapted in part from Charge No. 8 in Toddie v. GMAC Mortgage, 4:08-CV-02 (CDL).

## <u>CHARGE NO. 13</u>

<u>Proximate Cause</u>

Proximate cause is that which in in the natural and continuous sequence, unbroken by other causes, produces an event and without with the event would not have occurred. Proximate cause is that which is nearest in the order of responsible causes, as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation.

Source:  60.200, 5th Edition, Pattern Jury Instructions.

# CHARGE NO. 14

In connection with Plaintiff's negligence claim, he contends that he is also entitled to emotional or mental distress damages because the Defendant intentionally or recklessly caused him harm.

A party "intentionally" causes harm when that party desires to cause the consequences of its act or believes that the consequences are substantially certain to result from its act. A party "recklessly" causes harm when that party is aware of, but consciously and carelessly ignores facts and circumstances clearly indicating that the consequences are substantially certain to result from the party's act. If the Defendant acted with a reckless disregard of Plaintiff's rights that is equivalent to intentional misconduct thus allowing the recovery of mental and emotional distress damages.

Source: Adapted in part from Charge No. 8 in Toddie v. GMAC Mortgage, Case No. 4:08-CV-02 (CDL); Hamilton v. Powell Goldstein, 252 Ga. 149 (1994).

# CHARGE NO. 15

Plaintiff also seeks general damages from the tort of negligence. Negligence is what in law is called a tort.

In every tort, general damages are those which the law presumes to flow from any tortious act and they may be recovered without proof of any amount.

Source: Adapted from O.C.G.A. § 51-12-2.

# CHARGE NO. 16

## Pain and Suffering

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long the Plaintiff has suffered or will suffer are for you to decide.

Source: 66.501, 5th Edition, Pattern Jury Instructions.

# CHARGE NO. 17

Plaintiff also seeks damages to his credit reputation due to Defendant reporting him as delinquent to the credit reporting bureau when Plaintiff contends he was not delinquent on his loan with Defendant.

## <u>CHARGE NO. 18</u>

Damages are given as pay or compensation for injury done. When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the Plaintiff is entitled to recover, you should award to the Plaintiff such sums as you believe are reasonable and just in this case.

Source: 66.001, 5th Edition, Pattern Jury Instructions.

# CHARGE NO. 19

## Punitive Damage

Finally, Plaintiff makes a claim for punitive damages. Plaintiff claims that aggravating circumstances exist in this case that warrant an award of additional damages, called punitive damages. You may only consider the issue of punitive damages if you find in favor of Plaintiff on his tort claim and award him compensatory damages on that claim. Punitive damages, when authorized, are awarded not as compensation to a Plaintiff but solely to punish, penalize, or deter a Defendant. For punitive damages to be authorized, Plaintiff must prove by clear and convincing evidence that Defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences. If Plaintiff fails to prove by clear and convincing evidence that Defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences, then you may not award punitive damages.

"Clear and convincing evidence" is a different and higher burden of proof than a preponderance of the evidence which I previously explained. Clear and convincing evidence is defined as evidence that will cause you the jury to firmly

believe each essential element of the claim to a high degree of probability. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence (which was the standard in determining compensatory damages) but less than the standard for proof beyond a reasonable doubt (which is the standard in a criminal case – which this is not).

In this first phase, you will only answer the question on the verdict form whether punitive damages should be awarded. If you answer that question "yes", we will reconvene and the parties will have the opportunity to present evidence as to the amount of those punitive damages. You will then deliberate on the issue of what amount of punitive damages should be awarded in this case.

Source: Adapted from Charge No. 8 in <u>Toddie v. GMAC Mortgage</u>, Case No. 4:08-CV-02 (CDL) in this court.

## CHARGE NO. 20

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Source: Charge No. 9 in <u>Toddie v. GMAC Mortgage</u>, Case No. 4:08-CV-02 (CDL).

## **CHARGE NO. 21**

In this case you have been permitted to take notes during the course of the trial, and most of you – perhaps all of you – have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

Source: Charge No. 10 in <u>Toddie v. GMAC Mortgage</u>, Case No. 4:08-CV-02 (CDL) in this court.

## CHARGE NO. 22

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Source: Charge No. 11 in <u>Toddie v. GMAC Mortgage</u>, Case No. 4:08-CV-02 (CDL).

## CHARGE NO. 23

Members of the Jury: You have decided to award punitive damages in this case. I will now explain to you the rules of law that you must follow and apply in deciding the amount of a punitive damages award. The charges I previously gave you regarding your duty to deliberate and consider the evidence still apply. I am now going to explain the law on the appropriate amount of punitive damages.

You must determine the appropriate amount of punitive damages. In doing so, you should consider all the evidence in the first phase of the trial, plus any evidence admitted in the most recent phase of the trial. You should also bear in mind that the Plaintiff's injury has been made whole by your award of compensatory damages. When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiff in the case and for only that conduct. For example, you cannot assess punitive damages for the Defendant being a distasteful individual or business. Punitive damages are meant to punish the Defendant for this conduct only and not for conduct that occurred at another time. Your only task is to punish and deter the Defendant for the actions it took in this particular case. The amount you award should reflect these purposes only. In fixing the amount, you may consider the financial resources of the Defendant.

You may only award punitive damages in excess of $250,000.00 if you find that Defendant acted with "specific intent to cause harm". Therefore, if you award punitive damages in excess of $250,000.00, you must indicate on the jury verdict form whether you find specific intent to cause harm. Under the law, a party possesses specific intent to cause harm when that party desires to cause the consequences of its act or believes that the consequences are substantially certain to result from it. Intent may be shown by direct or circumstantial evidence, and intent is ordinarily ascertained from acts and conduct. You may not presume that Defendant acted with specific intent to harm, but you may find specific intent to harm upon consideration of the words, conduct, demeanor, motive, and all the other circumstances connected with the alleged act.

Your foreperson will continue to preside over your deliberations and will speak for you here in court.

I have prepared a verdict form for you to complete regarding punitive damages.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Source: Charge in 2nd Phase of Trial in <u>Toddie v. GMAC Mortgage</u>, 4:08-CV-02 (CDL) in this court.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a true and correct copy of the **"PLAINTIFF'S REQUESTED JURY CHARGES"** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

W. Reese Willis, Esq.
Lisa Rose, Esq.
Emilie O. Denmark, Esq.
McCalla Raymer, LLP
Six Concourse Parkway
Suite 3200
Atlanta, Georgia 30328

This 24th day of January, 2011.

/s/ Charles A. Gower
CHARLES A. GOWER