IN THE UNITED STATES DISTRICT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DAVID BRASH, | ) |
| | ) |
|     Plaintiff | ) |
| | )    4-09-cv-146 |
| vs. | ) |
| | ) |
| PHH MORTGAGE CORPORATION, | ) |
| d/b/a COLDWELL BANKER | ) |
| MORTGAGE, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S MOTION IN LIMINE REGARDING EVIDENCE
PROFFERED TO PROVE NEGLIGENT SERVICING**

COMES NOW Defendant PHH Mortgage Corporation d/b/a Coldwell Banker Mortgage ("Defendant" or "PHH"), by and through its undersigned counsel, respectfully files this Motion in Limine to exclude from trial evidence that Defendant was negligent in servicing Plaintiff David Brash's ("Plaintiff") mortgage loan on the basis of Georgia's economic loss rule. As grounds for this Motion, Defendant respectfully shows this honorable Court as follows:

**I.    INTRODUCTION**

The instant case involves a dispute regarding the servicing of Plaintiff David Brash's ("Plaintiff") residential mortgage loan account by Defendant. Plaintiff raised claims in the Complaint for: (1) an alleged violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), seeking actual damages,

including but not limited to emotional damages (*see* Compl. ¶ 50); (2) breach of contract (*see id.* ¶ 51); (3) negligence in the servicing of Plaintiff's loan account (*see id.* ¶ 52); (4) recovery of attorneys fees and expenses, pursuant to O.C.G.A. § 13-6-11 (*see* Compl. ¶ 53); and (5) punitive damages for Defendant's alleged "willful, malicious and reckless conduct and specific intent to cause harm to Plaintiff" (*see id.* ¶ 54). Plaintiff seeks recovery of actual damages, emotional damages, general damages, damages to his credit reputation, attorneys' fees and costs, and punitive damages. (*See id.* at 11-12.)

The contract upon which Plaintiff's breach of contract claim is based is a promissory note and security deed executed by Plaintiff to purchase residential real property in Georgia. (*See* Proposed Pretrial Order ¶ 12, Ex. E.) That is, on June 19, 1997, Plaintiff executed a Promissory Note in order to obtain a loan from Coldwell Banker Mortgage in the amount of One Hundred Sixty-One Thousand Three Hundred Fifty Dollars and 00/100 Dollars ($161,350.00), plus interest (the "Note"). (*See id.*, Ex. E, Note.) In order to secure repayment of the loan evidenced by the Note, Plaintiff executed that certain Security Deed conveying the property to Coldwell Banker Mortgage recorded on November 20, 2007, at Deed Bok 9174, Page 307, of the Muscogee County, Georgia real estate records (the "Security Deed"). (*See* Proposed Pretrial Order ¶ 12, Ex. E, Security Deed.) Defendant is the servicer of Plaintiff's loan account.

The Complaint does not set forth the specific provisions of the Note and Security Deed that Defendant allegedly breached, nor has Plaintiff provided that information in discovery despite Defendant's requests. It is plain from the face of the Complaint, however, that the only contract upon which such a claim could be based in the instant case is the Note and Security Deed. Plaintiff then alleges that Defendant negligently serviced his loan account. (*See* Compl. ¶ 52.) Plaintiff does not allege negligence on the part of Defendant on any other basis. (*See generally id.*)

## II.   GEORGIA'S ECONOMIC LOSS RULE

This Court's ruling on a motion in limine is reviewed for an abuse of discretion. *See Mercado v. City of Orlando*, 407 F.3d 1152, 1156 (11th Cir. 2005). At the pretrial conference of this matter, one of the matters this Court may consider is taking action to eliminate frivolous claims, avoid "unnecessary proof" and ruling on the admissibility of evidence. *See* Fed.R.Civ.P. 16(c)(2)(A), (C). For example, if evidence has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed.R.Evid. 401, it should be excluded, *see* Fed.R.Evid. 402. Additionally, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

3

delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

In the instant case, due to the operation of Georgia's economic loss rule, any evidence offered by Plaintiff regarding his claim that Defendant had a legal duty to Plaintiff to service his loan account with reasonable care, Defendant breached that duty, and said breached caused compensable injury to Plaintiff should be excluded as irrelevant, prejudicial, confusing to the jury, and creating an undue delay.  "It is axiomatic that a single act or course of conduct may constitute not only a breach of contract but an independent tort as well, <u>if</u> in addition to violating a contract obligation it also violates a duty owed to plaintiff <u>independent of contract</u> to avoid harming him."  *Orkin Exterminating Co. Inc. v. Stevens*, 130 Ga. App. 363, 365, 203 S.E.2d 587, 590 (1973) (emphasis added).  That is, "to constitute a tort the duty must arise independent of the contract."  *Sheppard v. Yara Eng'g Corp.*, 248 Ga. App. 147, 149, 281 S.E.2d 586, 587 (1981).  That independent duty must be "created by statute or common law."  *Constr. Lender, Inc. v. Sutter*, 228 Ga. App. 405, 409, 491 S.E.2d 853, 858 (1997).  According to Georgia's economic loss rule, "a contracting party who suffers purely economic losses must seek his remedy in contract and not in tort."  *Gen. Elec. Co. v. Lowe's Home Centers*, 279 Ga. 77, 78, 608 S.E.2d 636, 637 (2005).

It is true that "misfeasance in the performance of a contractual duty may give rise to a tort action." *Johnson v. Citimortgage, Inc.*, 351 F.Supp.2d 1368, 1379 (N.D. Ga. 2004).  In order to maintain a tort action "because of a breach of duty growing out of a contractual relation the breach must be shown to have been a breach of a duty imposed by law and not merely the breach of a duty imposed by the contract itself." *Id.* (citation and quotations omitted).  In *Johnson*, the court determined that the plaintiff could continue litigating the case beyond the motion-to-dismiss stage to demonstrate that Citimortgage owed a duty to him independent of a contract between the parties. *See id.*  The *Johnson* Court likened such a duty to that imposed "upon persons of professional standing performing medical, architectural, engineering, and those performing other and like skilled services, pursuant to their contracts made with their clients, an obligation to exercise a reasonable degree of care, skill and ability, such as is ordinarily exercised under similar conditions and like circumstances by persons employed in the same or similar professions." *Id.*  As such, in order to maintain an action for both negligence and breach of contract, a plaintiff must demonstrate that the defendant negligently performed under the contract, and thus, violated the duties it owed the plaintiff arising out of statute or common law.

In order to demonstrate that Defendant was negligent in its servicing of Plaintiff's loan account, Plaintiff cannot rely on RESPA as the statute creating a

duty independent of a contract owed by Plaintiff to Defendant. *See Sutter*, 228 Ga. App. at 409, 491 S.E.2d at 858. The purpose of RESPA, as defined by Congress, is to change

> the settlement process for residential real estate that will result--
> (1) in more effective advance disclosure to home buyers and sellers of settlement costs;
> (2) in the elimination of kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services;
> (3) in a reduction in the amounts home buyers are required to place in escrow accounts established to insure the payment of real estate taxes and insurance; and
> (4) in significant reform and modernization of local recordkeeping of land title information.

12 U.S.C. § 2601(b). The RESPA section under which Plaintiff travels is Section 2605, which pertains to providing notice to a borrower when a loan or its servicing rights is sold or transferred, responding to a borrower's inquiries about the servicing of his loan, and the administration of escrow accounts. *See generally* 12 U.S.C. § 2605. It is plain from the face of the Complaint that Plaintiff's negligent servicing claim involves the alleged violation of other duties not limited to the narrow scope of RESPA. (*See, e.g.*, Compl. ¶¶ 19-22, 24-27, 32-34, 37-41, 43-44, 48.)

Thus, Plaintiff must demonstrate that Defendant owed him a duty independent of the contract by way of common law. *See Sutter*, 228 Ga. App. at 409, 491 S.E.2d at 858. In order to demonstrate such a duty, however, Plaintiff must provide evidence of the duties that an "ordinary" loan servicer would have

owed him "under similar conditions and like circumstances." *Johnston*, 351 F.Supp.2d at 1379. That is, in order to demonstrate negligence on the part of Defendant in servicing Plaintiff's loan account, "expert testimony is necessary to establish the parameters of acceptable professional conduct."[1] *Munford, Inc. v. Munford*, 188 B.R. 860, 865 (N.D. Ga. 1994) *aff'd in part, rev'd in part sub nom. on other grounds Matter of Munford, Inc.*, 98 F.3d 604 (11th Cir. 1996) (*citing Hughes v. Malone*, 146 Ga. App. 341, 345, 247 S.E.2d 107 (1978) *and Berman v. Rubin*, 138 Ga. App. 849, 853, 227 S.E.2d 802 (1976)); *see also Johnson*, 351 F.Supp.2d at 1379 (likening loan servicing to other industries requiring "professional standing," such as "medical, architectural, engineering, and those performing other and like skilled services" and concluding that "persons of this class performing services pursuant to their contracts with their clients have been held liable in tort for their negligence in failing to exercise the required degree of skill").[2]

---

[1] The issue of whether a complaint alleges simple negligence or professional malpractice is a question of law. *See Grady General Hosp. v. King*, 288 Ga. App. 101, 102, 653 S.E.2d 367, 368 (2007). "If the professional's allegedly negligent action requires the actor to exercise professional skill and judgment to comply with a standard of conduct within the professional's area of expertise, the action is for professional negligence." *Grady*, 288 Ga. App. at 102, 653 S.E.2d at 368. The *Johnson* Court analyzed the duties imposed on loan servicers and likened them to the duties imposed on other professionals, suggesting that a negligence claim against a loan servicer could be a claim of professional negligence. *See Johnson*, 351 F.Supp.2d at 1379.

[2] It is irrelevant that a loan servicer is not one of those professions set forth in O.C.G.A. § 9-11-9.1(g) as requiring an expert affidavit in support of a negligence allegation. The Georgia Supreme Court clearly delineated in *Minnix v. Department of Transportation*, 272 Ga. 566, 571, 533 S.E.2d 75, 80 (2000), that the fact that a profession is not set forth in that subsection "does

Here, Plaintiff affirmatively and clearly stated in his response to Defendant's Interrogatories that he does not intend to call any expert witnesses at trial, nor did he identify any in the Proposed Pretrial Order.  As Plaintiff does not intend to offer any admissible or relevant evidence from a required expert to demonstrate that Defendant breached a duty owed to him independent of any contract, he is unable to demonstrate that Defendant was negligent in the performance of the relevant contract.  *See, e.g.*, *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1357 (11th Cir. 2008) (confirming that because the plaintiff could not present expert testimony, it was precluded from "presenting the expert testimony required to prove professional negligence"); *see also Minnix*, 272 Ga. at 571, 533 S.E.2d at 80.

In summary, Plaintiff is not permitted to proceed both in negligence and breach of contract unless he can demonstrate that Defendant negligently performed under the relevant contract, and in so doing, breached an independent duty owed to Plaintiff that arises from statutory law or common law.  *See Sheppard*, 248 Ga. App. at 149, 281 S.E.2d at 587.  Plaintiff's claim of negligent servicing is much broader than the purview of RESPA, such that he is alleging duties owed to him by Defendant that must exist outside of statutory law.  In order to demonstrate what

---

not affect a plaintiff's burden of proof where the plaintiff alleges that [a professional] is liable due to the professional negligence of its agents or employees." *Id.*  Such a plaintiff "must still produce at trial expert testimony of the applicable standard of professional conduct and a deviation from that standard." *Id.*

that duty was, or the duties that a reasonable and ordinary loan servicer owe to a borrower, Plaintiff must present expert testimony.  *See OFS Fitel*, 549 F.3d at 1357; *Munford*, 188 B.R. at 865.  For example, an ordinary jury member does not have knowledge regarding what a loan servicer's internal operation system should be, how it should maintain logs of correspondence regarding a loan account, the nature of investigation in which a loan servicer should undertake at the request of a borrower, and whether a loan servicer may contact a third party like the United States Army to inform it that a borrower's payments are not being properly submitted.  Plaintiff already has set forth that he intends to provide no expert.  Accordingly, his claim for negligent servicing must arise solely out of the contract with Defendant, such that it is barred by Georgia's economic loss rule.

Because Plaintiff's claim for negligent servicing is so barred, Plaintiff must be precluded from asking any questions regarding, or from introducing into evidence at trial any exhibits or testimony offered to prove that Defendant had a legal duty to service Plaintiff's loan account with reasonable care arising outside of the contract between the parties, that Defendant breached that duty, and that said duty caused Plaintiff compensable injury.  Such evidence would be irrelevant, prejudicial, confusing to the jury in view of Plaintiff's RESPA and breach of contract claim, and a waste of resources.  *See* Fed.R.Evid. 401-403.  To permit the jury to consider evidence related to any duty owed by Plaintiff to Defendant

outside of the contract between the parties and the provisions of RESPA would confuse the jury in its determination as to the statutory duties owed to Plaintiff under RESPA and Defendant's duties owed to Plaintiff as part of the contract. Additionally, evidence regarding whether Defendant was negligent in the servicing of Plaintiff's loan would be highly prejudicial, as it would taint the jury's view of how Defendant serviced Plaintiff's loan account when the only viable causes of action are for a violation of RESPA and breach of contract. Finally, and most importantly, because Plaintiff elected not to present expert testimony on the relevant standard of care, and thus cannot proceed in negligence, any evidence regarding negligence simply is of no probative value and should be excluded as irrelevant. *See* Fed.R.Evid. 402.

WHEREFORE, Defendant respectfully requests that this Court order that any evidence to be tendered by Plaintiff at trial offered to prove negligence or damages resulting from negligence, including all exhibits and all testimony, be excluded, and that Plaintiff be prohibited from asking any questions at trial going towards negligent servicing.

Respectfully submitted this 27th day of January, 2011.

          MCCALLA RAYMER, LLC

       By: /s/ Emilie O. Denmark
          W. REESE WILLIS III
          Georgia State Bar No. 767067
          LISA K. ROSE

                                      Georgia State Bar No. 614204
                                      EMILIE O. DENMARK
                                      Georgia State Bar No. 185110
                                      *Attorneys for Defendant*

McCALLA RAYMER, LLC
Six Concourse Parkway
Suite 2800
Atlanta, Georgia 30328
(678) 281-6500 (Telephone)
(678) 281-6501 (Facsimile)

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel for Defendant, do hereby certify that I have this day electronically filed the within and foregoing with the Clerk of Court using CM/ECF system that will automatically send email notification of such filing to the attorneys of record, each of whom is a registered participant in the Court's electronic notice and filing system and each of whom may access said filing via Court's CM/ECF system.

This 27th day of January, 2011.

                                                    By:   /s/ Emilie O. Denmark
                                                             W. REESE WILLIS III
                                                              Georgia State Bar No. 767067
                                                             LISA K. ROSE
                                                              Georgia State Bar No. 614204
                                                             EMILIE O. DENMARK
                                                             Georgia State Bar No. 185110
                                                             *Attorneys for Defendant*

MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 2800
Atlanta, Georgia 30328
Telephone: (678) 281.6500
Facsimile: (678) 281.6501