IN THE UNITED STATES DISTRICT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DAVID BRASH, | ) |
| | ) |
|    Plaintiff | ) |
| | )   4-09-cv-146 |
| vs. | ) |
| | ) |
| PHH MORTGAGE CORPORATION, | ) |
| d/b/a COLDWELL BANKER | ) |
| MORTGAGE, | ) |
| | ) |
|    Defendant. | ) |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
REFERENCES TO OTHER VERDICTS OR JUDGMENTS
RENDERED AGAINST LENDERS OR LOAN SERVICERS**

COMES NOW Defendant PHH Mortgage Corporation d/b/a Coldwell Banker Mortgage ("Defendant" or "PHH"), by and through its undersigned counsel, respectfully files this Motion in Limine to exclude references at trial to other verdicts rendered against lenders or loan servicers in this jurisdiction or in surrounding jurisdictions, showing this Honorable Court as follows:

**I.   INTRODUCTION**

The instant case involves a dispute regarding the servicing of Plaintiff's residential mortgage loan account by Defendant.  Plaintiff raised claims in the Complaint for: (1) an alleged violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), seeking actual damages, including but not

limited to emotional damages (*see* Compl. ¶ 50); (2) breach of contract (*see id.* ¶ 51); (3) negligence in the servicing of Plaintiff's loan account (*see id.* ¶ 52); (4) recovery of attorneys' fees and expenses, pursuant to O.C.G.A. § 13-6-11 (*see* Compl. ¶ 53); and (5) punitive damages for Defendant's alleged "willful, malicious and reckless conduct and specific intent to cause harm to Plaintiff" (*see id.* ¶ 54). Plaintiff seeks recovery of actual damages, emotional damages, general damages, damages to his credit reputation, attorneys' fees and costs, and punitive damages. (*See id.* at 11-12.)  Defendant now seeks to exclude any reference at trial to verdicts rendered against lenders or loan servicers in lawsuits involving claims and issues which are similar or identical to those at issue in the instant case.

## II.  ARGUMENT

This Court's ruling on a motion in limine is reviewed for an abuse of discretion. *See Mercado v. City of Orlando*, 407 F.3d 1152, 1156 (11th Cir. 2005). This Court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. *See United States v. Gold*, 743 F.2d 800, 815 (11th Cir. 1984). If evidence has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed.R.Evid. 401, it should be excluded, *see* Fed.R.Evid. 402. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

In the instant case, any evidence or testimony of prior verdicts or judgments obtained against Defendant or any other lender or loan servicer is simply irrelevant to the facts and issues before the Court in the instant case. Further, the introduction of such evidence, or even the mere mentioning of the existence of such prior verdicts or judgments, could *substantially* prejudice the jury against Defendant before any of the evidence in this case is presented. *See* Fed. R. Evid. 403. Based upon the enormously prejudicial effect the introduction of such evidence could have upon Defendant's ability to receive a fair and impartial trial in this case, Defendant respectfully requests that this Court exclude any evidence or testimony of prior verdicts or judgments rendered against Defendant or other lenders or loan servicers in cases involving claims and issues similar to those raised in the instant case and likewise prohibit counsel for all parties from making any reference to such verdicts or judgments at the trial of this case. *See generally Custer v. Terex Corp.*, No. 4:02-CV-0038-HLM, 2005 WL 5974434, at *15 (N.D. Ga. May 17, 2005) (granting motion in limine to exclude other and similar lawsuits); *Ramirez v. E.I. Dupont De Nemours & Co.*, No. 8:09-CV-321-T-33TBM, 2010 WL 3467655, at *3 (M.D. Fla. Sept. 1, 2010) (granting motion in limine to exclude verdicts, settlements or other court rulings).

WHEREFORE, Defendant respectfully requests that this Court order that Plaintiff be precluded from introducing at trial any evidence of prior verdicts or judgments rendered against Defendant or other lenders or loan servicers in cases involving claims and issues similar to those raised in the instant case and likewise prohibit counsel for all parties from making any reference to such verdicts or judgments at the trial of this case.

Respectfully submitted this 27th day of January, 2011.

                                MCCALLA RAYMER, LLC

By:   /s/ Emilie O. Denmark
       W. REESE WILLIS III
       Georgia State Bar No. 767067
       LISA K. ROSE
       Georgia State Bar No. 614204
       EMILIE O. DENMARK
       Georgia State Bar No. 185110
       *Attorneys for Defendant*

McCALLA RAYMER, LLC
Six Concourse Parkway
Suite 2800
Atlanta, Georgia 30328
(678) 281-6500 (Telephone)
(678) 281-6501 (Facsimile)

**CERTIFICATE OF SERVICE**

I, the undersigned counsel for Defendant, do hereby certify that I have this day electronically filed the within and foregoing with the Clerk of Court using CM/ECF system that will automatically send email notification of such filing to the attorneys of record, each of whom is a registered participant in the Court's electronic notice and filing system and each of whom may access said filing via Court's CM/ECF system.

This 27th day of January, 2011.

          By:   /s/ Emilie O. Denmark
                W. REESE WILLIS III
                Georgia State Bar No. 767067
                LISA K. ROSE
                Georgia State Bar No. 614204
                EMILIE O. DENMARK
                Georgia State Bar No. 185110
                *Attorneys for Defendant*

MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 2800
Atlanta, Georgia 30328
Telephone: (678) 281.6500
Facsimile: (678) 281.6501