IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DAVID BRASH, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:09-CV-146 (CDL) |
| PHH MORTGAGE CORPORATION, d/b/a | * |
| Coldwell Banker Mortgage, | |
| | * |
| Defendant. | |
| | * |

O R D E R

Defendant seeks to exclude evidence of Plaintiff's emotional distress as it relates to Plaintiff's negligence claim.[1] If Plaintiff produces evidence at trial that he suffered a pecuniary loss flowing from an injury to his person proximately caused by Defendant's negligence, then Plaintiff may recover damages for his emotional distress caused by Defendant's negligently inflicted injury. *See Nationwide Mut. Fire Ins. Co. v. Lam*, 248 Ga. App. 134, 138, 546 S.E.2d 283, 285 (2001) ("[A] plaintiff may, indeed, recover damages for emotional distress flowing from a defendant's negligence, notwithstanding the absence of physical injury. But these damages are recoverable

---

[1] Defendant conceded at the pretrial conference that Plaintiff may recover damages for emotional distress associated with his claim under the Real Estate Settlement and Procedures Act, 12 U.S.C. §§ 2601-2617. The Court deferred ruling on whether Plaintiff could present evidence of emotional distress associated with his negligence claim.

only if the plaintiff has suffered a pecuniary loss and has suffered an injury to the person, albeit not physical.").

The injury to Plaintiff's person does not need to be physical, and the Court finds that damage to Plaintiff's credit reputation qualifies as an injury to his person sufficient to authorize recovery for emotional distress, as long as that injury causes a pecuniary loss. *See id.* (noting that "injury to the person" includes "injury to reputation"); *see also Grizzle v. Norsworthy*, 292 Ga. App. 303, 306, 664 S.E.2d 296, 299 (2008) (stating that to recover under a pecuniary loss theory, the plaintiff must have suffered "a pecuniary loss resulting from a trespass," which the Georgia Court of Appeals has "recognized as an unlawful interference with one's person, property, or rights"). Accordingly, to the extent that Defendant's motion in limine (ECF No. 30) seeks to exclude evidence under the circumstances described above, that motion is denied.

IT IS SO ORDERED, this 4th day of March, 2011.

s/ Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE