IN THE UNITED STATES DISTRICT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **DAVID BRASH,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | 4-09-cv-146 |
| vs. | ) | |
| | ) | |
| **PHH MORTGAGE CORPORATION,** | ) | |
| d/b/a **COLDWELL BANKER** | ) | |
| **MORTGAGE,** | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RENEWED MOTION IN LIMINE REGARDING
PLAINTIFF'S PROPOSED USE OF A TRIAL EXHIBIT**

COMES NOW Defendant PHH Mortgage Corporation d/b/a Coldwell Banker Mortgage ("Defendant" or "PHH"), by and through its undersigned counsel, respectfully files this Renewed Motion in Limine to exclude from trial one of Plaintiff David Brash's ("Plaintiff") proposed Trial Exhibits, a November 23, 2009 letter from Columbus Bank & Trust to Plaintiff and Miranda J. Brash (the "CBT Letter"). As grounds for this Motion, Defendant respectfully shows this honorable Court as follows:

During the week of January 20, 2011, Plaintiff provided to Defendant its proposed trial exhibits, including the CBT Letter. The CBT Letter states that the application for a Visa Platinum credit card submitted by Mrs. Brash and Plaintiff was denied for the following reasons: "SERIOUS DELIQNUENCY," "LENGTH

OF TIME ACCOUNTS HAVE BEEN ESTABLISHED," and "TIME SINCE DELIQNUENCY IS TOO RECENT OR UNKNOWN." Plaintiff alleges that he has suffered damage to his credit score as a result of Defendant's improper negative credit reporting made to the credit bureaus regarding Plaintiff's mortgage loan account. (*See* Compl. ¶ 46.) Thus, the CBT Letter is being offered to show that Plaintiff was denied a credit product because of Defendant's actions or inactions in this case.

On January 27, 2011, Defendant filed a Motion in Limine Regarding Plaintiff's Specific Proposed Trial Exhibits arguing, *inter alia*, that the CBT Letter is hearsay and irrelevant, and thus inadmissible at trial. (*See* Doc. 31, Mot. in Limine, pg. 5-7.) At the February 3, 2011, Pretrial Conference, this Court permitted Plaintiff leave to obtain a witness from Columbus Bank & Trust to testify at trial regarding the CBT Letter. If Plaintiff obtained such a witness, the Court permitted Defendant leave to depose that witness. Accordingly, on February 23, 2011, Plaintiff provided notice to Defendant that it obtained such a witness in John Hopf; on February 24, 2011, Defendant issued a Subpoena to Testify at a Deposition in a Civil Action pursuant to Federal Rule of Civil Procedure 30(b)(6) to Columbus Bank & Trust (the "Subpoena"); and on February 25, 2011, Mr. Hopf sat for a deposition as Columbus Bank & Trust's designated Rule 30(b)(6) representative pursuant to the Subpoena.

At the deposition, Mr. Hopf, Senior Manager of Card Services, testified on behalf of Columbus Bank & Trust as follows:

- In reviewing an application for a credit card, the primary factor in deciding whether to grant credit is a credit score as reported by a credit bureau. (*See* Deposition of John C. Hopf, Witness of Columbus Bank & Trust, taken February 25, 2011, 17:11-25, 18:1-19.)

- On November 14, 2009, Mrs. Brash and Plaintiff applied for a Visa Platinum credit card with Mrs. Brash as the applicant and Plaintiff as the co-applicant. (*See id.* 21:15-25, 22:20-25, 23:1, Ex. 1.)

- When Columbus Bank & Trust receives an application for a credit card, such as the Brashs', the information from the application is entered a system called ACT System, which is an application credit evaluation system owned by Total Systems ("TSYS"). (*See id.* 13:1-18.)

- TSYS is Columbus Bank & Trust's credit card processor. (*See id.* 13:17-18.)

- The ACE System first conducts a "stage 1" check to ensure that the information entered into the System is valid. (*See id.* 13:19-25, 14:1-2.)

- Then TSYS sends a request through the ACE System to Equifax, the credit bureau used by Columbus Bank & Trust, for the applicants' credit scores. (*See id.* 14:3-15, 14:1-25, 15:1-23.)

3

- Based on the credit information received from Equifax, a decision-making process in ACE automatically decides whether to decline the credit application, although this automatic decision can be manually overridden. (*See id.* 14:4-15, 23-25, 15:1-9.)

- When Columbus Bank & Trust's credit processing system reviews a joint application for credit, the credit scores for both applicants are reviewed and the highest of the scores for the applicants is the one used in the decision-making process. (*See id.* 22:20-25, 23:1-25, 24:1-6, 39:11-24.)

- There is no way, however, for Columbus Bank & Trust to determine whether Mrs. Brash's credit score or Plaintiff's credit score was used in reviewing their credit application. (*See id.* 28:16-25, 29:1-14.)

- The reasons listed in the CBT Letter for denying the joint application – "SERIOUS DELIQNUENCY," "LENGTH OF TIME ACCOUNTS HAVE BEEN ESTABLISHED," and "TIME SINCE DELIQNUENCY IS TOO RECENT OR UNKNOWN" – are not determinations made by Columbus Bank & Trust, but by Equifax. (*See id.* 24:10-25, 25:1-8, 32:25, 33:1-25, 34:1-25, 35:1-14; Ex. 1 at unnumb. pg. 1-2, Ex. 3.)

- That is, the applicants' credit scores and the reasons for the denial of the application were generated by Equifax and not by Columbus Bank & Trust. (*See id.*; *see also ids.* 14:3-8.)

4

## II. GROUNDS FOR EXCLUSION

This Court's ruling on a motion in limine is reviewed for an abuse of discretion. *See Mercado v. City of Orlando*, 407 F.3d 1152, 1156 (11th Cir. 2005). If evidence has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed.R.Evid. 401, it should be excluded, *see* Fed.R.Evid. 402. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. Hearsay is not admissible as evidence except for in those limited exceptions set forth in the Federal Rules of Evidence. *See* Fed.R.Evid. 802-804, 807. As to documents to be introduced as evidence at trial, such documents must be authenticated or properly identified "as a condition precedent to admissibility." Fed.R.Evid. 901(a).

### A. The CBT Letter is Irrelevant and Prejudicial Because it will Cause the Jury to Speculate that the Denial of Credit was Caused by Defendant's Actions or Inactions.

In order to establish that Plaintiff suffered damage to his credit as a result of Defendant's reporting him to the credit bureaus as delinquent on his mortgage loan account, Plaintiff seeks to admit at trial the CBT Letter. Even if Plaintiff calls Mr. Hopf as a witness at trial to testify as to the authenticity of the CBT letter, the letter

still constitutes inadmissible hearsay and is irrelevant.  First, Mr. Hopf provided deposition testimony that an applicant's credit score is a very important factor in determining whether to extend a credit card to an applicant.  (*See* Hopf. Dep. 17:11-25, 18:1-19.)  In the case of a joint application, such as Plaintiff's, the credit scores of both applicants are reviewed and only the higher of the two credit scores is relied on in determining whether to extend credit.  (*See id.* 22:20-25, 23:1-25, 24:1-6.)  Mr. Hopf clearly testified that there simply is no way, at this point in time, to determine if the credit score obtained from Equifax and used in deciding whether to extend a credit card to Mrs. Brash and Plaintiff was based on Mrs. Brash's credit score or Plaintiff's.  (*See id.* 28:16-25, 29:1-14.)  Thus, there is no way to determine, outside of asking the jury to speculate that Plaintiff's credit score was the higher of the two scores, whether Defendant's negative credit reporting on Plaintiff which allegedly lowered his credit score was a factor in Columbus Bank & Trust's denial of the credit application.  Accordingly, Plaintiff cannot demonstrate that the CBT Letter is relevant, as he cannot demonstrate that it was based on his credit score.  Furthermore, admitting the CBT Letter into evidence would be prejudicial, as it would require the jury to speculate that the denial of credit was caused by Defendant's actions or inactions, as there simply is no way to determine that the denial was a result of Plaintiff's credit score.

      **B.**    **The CBT Letter Constitutes Hearsay Within Hearsay and Must be Excluded From Trial.**

As to the hearsay issue, Plaintiff will use the CBT Letter to set forth the truth of the matter that: (1) Defendant's negative credit reporting regarding Plaintiff's delinquency on his mortgage loan account caused Plaintiff's credit score to be lowered; and (2) on the basis of Plaintiff's lowered credit score, Columbus Bank & Trust denied the credit application, thus damaging Plaintiff.  Plaintiff may call Mr. Hopf to testify at trial that the CBT Letter is a business record of Columbus Bank & Trust such that, even though it is hearsay, it can be admitted under the business records exception to the hearsay rule.  The reasons for the denial of the credit application (according to Mr. Hopf, that reason primarily being the relevant credit score), however, constitute double-hearsay, as those reasons are provided by Equifax through TSYS's ACE System.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed.R.Evid. 800(c).  "Hearsay included within hearsay is not excluded under the hearsay rule _if_ each part of the combined statements conforms with an exception to the hearsay rule provided in these rules."  Fed.R.Evid. 805.  In order to overcome the double-hearsay in the CBT Letter, Plaintiff must call as a trial witness a records custodian from Equifax, the credit bureau whose information Columbus Bank & Trust used in order to decide whether to grant or deny the credit application.  That is, Plaintiff must present evidence that the credit score used in

7

reviewing the credit application was a business record of Equifax, and that the reasons given by Equifax to Columbus Bank & Trust to deny the credit application were business records of Equifax. This is because neither the credit score nor the reasons for denial were information generated by Columbus Bank & Trust, but were business records of Equifax. (*See* Hopf Dep. 14:3-8, 24:10-25, 25:1-8, 32:25, 33:1-25, 34:1-25, 35:1-14.)

As an example of the type of hearsay involved with the CBT Letter, in *Lamar v. Experian Information Systems*, 408 F.Supp.2d 591, 596 (N.D. Ill. 2006), the plaintiff raised a claim under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u (the "FCRA"), and submitted as evidence a letter from a mortgage broker reflecting that the plaintiff was not approved for a loan due to his credit score. The *Lamar* Court first noted that the mortgage broker's letter was "classic hearsay: It is an out-of-court statement that [plaintiff] attempts to introduce to prove that he was refused a mortgage because of his poor credit score." *Id.* The *Lamar* Court went on to conclude that the mortgage broker's letter was problematic in terms of whether it constituted a business record so as to satisfy the business records exception to the hearsay rule because the only way that the mortgage broker could have known why the plaintiff was denied a loan – reportedly, his credit score – had to be based on hearsay. *Id.* at 596-97. That is, even if the mortgage broker's letter "was offered for the truth of the possible reason for such hypothetical decisions" of

denying a loan on the basis of the plaintiff's credit score, that knowledge "could not escape the hearsay label because any such reason would not have been within its [the mortgage broker's] knowledge." *Id.* at 597 (emphasis in original).

The CBT Letter is quite similar to the mortgage broker's letter in *Lamar* in that is was offered to show that Plaintiff was denied credit and it was prepared by someone other than the credit bureau. Additionally, here, a representative of Columbus Bank & Trust testified that the reason for denying Mrs. Brash's and Plaintiff's credit card application was based, in large part, on the credit score obtained from Equifax and on the reasons provided by Equifax through TSYS's ACE System. Thus, the credit score and reasons for denial are like the information contained in the mortgage broker's letter – the information is not a business record of the declarant Columbus Bank & Trust, but of another entity, Equifax. The credit score and reasons for denial are hearsay within hearsay and are inadmissible, such that the CBT letter is inadmissible. *See* Fed.R.Evid. 801, 805; *Lamar*, 408 F.Supp.2d 596-97.

Similarly, in *Baker v. Capital One Bank*, No. CV 04-1192-PHX-NVW, 2006 WL 173668, at *6 (D.Ariz. Jan. 24, 2006), the plaintiff sought to admit exhibits consisting of, *inter alia*, her credit reports, and she offered an affidavit in support of the credit reports to authenticate them. The *Baker* Court ruled that the credit reports were inadmissible as hearsay; even if a credit report falls in the business

9

records exception to the hearsay rule, the plaintiff, as a consumer, cannot testify as to the truth of whether the credit report is a business record. *See id.* at *6. That is, the credit reports were inadmissible because "Plaintiff has not provided sufficient evidence that the authenticating witness has personal knowledge of the record keeping practice of the credit reporting agency, a company the authenticating witness is neither employed by nor affiliated with, other than as a consumer." *Id.* (alterations omitted); *see also Gannon v. IC Sys., Inc.*, No. 09-60302-CIV, 2009 WL 3199190, at *1-*2 (S.D. Fla. Sept. 25, 2009) (determining that the plaintiff was not the custodian of his credit reports and was "not qualified to testify regarding the procedures for compilation and creation of the information on the report," and that credit reports "are admissible when there is testimony from someone at the credit bureau with knowledge of how the reports are compiled"); *Chiang v. Verizon New England Inc.*, No. 06-cv-12144-DPW, 2009 WL 102707, at *5 (D. Mass. Jan. 13, 2009) (excluding letters offered by the plaintiff where "letters from credit reporting agencies to [the plaintiff], describing the results of the investigation of his disputes" and "letters from financial institutions to [the plaintiff] regarding the basis of their denials of his loan applications" were inadmissible and not authenticated); *Jonathan Pepper Co., Inc. v. Harford Cas. Ins. Co.*, 520 F.Supp.2d 977, 981 (N.D. Ill. 2007) (finding that credit reports were inadmissible hearsay where they were no business records of the party offering the

reports, nor had they been authenticated by a person with knowledge of what the credit reports were).

Here, Plaintiff has not offered a records custodian of Columbus Bank & Trust to lay the foundation of the admissibility of the information contained in the CBT Letter where that information was generated by Equifax, and Columbus Bank & Trust cannot provide personal knowledge of the record keeping practices of Equifax or of TSYS. *See Baker*, 2006 WL 173668, at *6. Accordingly, Plaintiff cannot overcome the fact that the CBT Letter constitutes hearsay within hearsay, and as such, it is inadmissible at trial. *See* Fed.R.Evid. 801, 805.

Respectfully submitted this 14th day of March, 2011.

                                    MCCALLA RAYMER, LLC

By:   *s/Emilie O. Denmark*
       W. REESE WILLIS III
       Georgia State Bar No. 767067
       LISA K. ROSE
       Georgia State Bar No. 614204
       EMILIE O. DENMARK
       Georgia State Bar No. 185110
       *Attorneys for Defendant*

McCALLA RAYMER, LLC
Six Concourse Parkway
Suite 2800
Atlanta, Georgia 30328
(678) 281-6500 (Telephone)
(678) 281-6501 (Facsimile)

## CERTIFICATE OF SERVICE

I, the undersigned counsel for Defendant, do hereby certify that I have this day electronically filed the within and foregoing with the Clerk of Court using CM/ECF system that will automatically send email notification of such filing to the attorneys of record, each of whom is a registered participant in the Court's electronic notice and filing system and each of whom may access said filing via Court's CM/ECF system.

This 14th day of March, 2011.

            By: *s/Emilie O. Denmark*
               W. REESE WILLIS III
               Georgia State Bar No. 767067
               LISA K. ROSE
               Georgia State Bar No. 614204
               EMILIE O. DENMARK
               Georgia State Bar No. 185110
               *Attorneys for Defendant*

MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 2800
Atlanta, Georgia 30328
Telephone: (678) 281.6500
Facsimile: (678) 281.6501