IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DAVID BRASH, | * |
|     Plaintiff, | * |
| vs. | * |
| |     CASE NO. 4:09-CV-146 (CDL) |
| PHH MORTGAGE CORPORATION, d/b/a | * |
| Coldwell Banker Mortgage, | |
| | * |
|     Defendant. | |
| | * |

O R D E R

Defendant seeks to exclude from trial a November 23, 2009 letter from Columbus Bank & Trust to Plaintiff and his wife ("CB&T Letter"). For the reasons set forth below, Defendant's motion (ECF No. 60) is denied.

Plaintiff and his wife applied for a CB&T Visa Platinum credit card. The CB&T Letter states that the application was denied because of "SERIOUS DELINQUENCY," "LENGTH OF TIME ACCOUNTS HAVE BEEN ESTABLISHED," and "TIME SINCE DELINQUENCY IS TOO RECENT OR UNKNOWN." Defendant argues that the CB&T Letter should be excluded because the letter contains double hearsay and because it is not possible to tell whether CB&T denied the credit application based on Plaintiff's credit report or his wife's.

Plaintiff contends that the letter falls within the business records exception to the hearsay rule. *See* Fed. R.

Civ. P. 803(6). The Court agrees. Federal Rule of Civil Procedure 803(6) provides that the following are not excluded by the hearsay rule:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Defendant does not dispute that the CB&T letter was made and kept in the ordinary course of Columbus Bank & Trust's business. Defendant contends, however, that the letter contains inadmissible hearsay because the reasons for the credit denial were supplied by a credit reporting agency. Those reasons, Defendant argues, are business records of the credit reporting agency, not CB&T. Defendant ignores the fact that CB&T—not a credit reporting agency—made the credit decision. Pl.'s Resp. to Def.'s Mot. in Limine Ex. 1, Hopf Dep. 14:3-8, ECF No. 62-1. (stating that CB&T uses information from credit bureaus "to make a credit decision on the account"). The credit reporting agency did not *tell* CB&T to deny Plaintiff credit; rather, according to CB&T's senior card services manager, the information from the credit reporting agency was a factor CB&T used in determining

2

whether to grant the credit application, based on CB&T's own criteria for the issuance of a Visa Platinum credit card. *Id.*

The case Defendant cites in support of its argument, *Lamar v. Experian Information Systems*, 408 F. Supp. 2d 591 (N.D. Ill. 2006) is easily distinguishable. In that case, the plaintiff tried to admit a letter from his mortgage broker, which essentially stated that the plaintiff's wife had to apply for a mortgage by herself because the plaintiff's credit was bad. *Id.* at 596. The court excluded the letter because it was not made in the regular course of the mortgage broker's business and was not made at or near the time of the events recorded. The court also noted that the letter was problematic because the reason for any credit rejection would not have been known by the mortgage broker because the mortgage broker did "not itself deny anyone credit." *Id.* Moreover, the letter was speculative in that it attempted to "characterize what might have been the decisions of potential lenders." *Id.* Here, in stark contrast, the CB&T letter is *from the lender itself* and states the reasons why the *lender* made the credit decision that it made.

Defendant also argues that the CB&T Letter should be excluded because it is not possible to tell whether the credit denial was based on Plaintiff's credit report or his wife's. This issue goes to the weight of the letter, not its admissibility.

3

For the foregoing reasons, the Court concludes that the CB&T letter falls within the business records exception to the hearsay rule. Defendant's motion to exclude the CB&T letter (ECF No. 60) is denied.

IT IS SO ORDERED, this 16th day of March, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
